Johnson v. Whidden.

JOHNSON & al. versus CHARLES R. WHIDDEN.

In the trial of an action, in which property has been attached on the writ, it is not a valid objection to the admissibility of the defendant's witness, that he is surety on a replevin bond, by virtue of which the same property was replevied from the attaching officer at the suit of a third person.

That the witness, in such a suit, was the defendant's *grantee* of land attached on the writ, will not exclude his testimony, unless it appear that the conveyance to him was subsequent to the attachment.

Though one witness testify positively to a fact, and another witness of equal credibility contradict it, and swear to facts inconsistent with its truth ; yet the jury are not to be instructed, *as matter of law*, that the fact is *not proved*.

ASSUMPSIT. Property, both real and personal, was attached on the writ. The defendant was defaulted. Certain subsequently attaching creditors defended.

In defence, Rendol Whidden was called as a witness. Being objected to, he stated on the *voir dire*, that he was surety in two replevin bonds, in virtue of which the same personal property was replevied from the attaching officer.

Also, that he was a grantee under this defendant, of a part

of the real estate attached in this suit. He also stated certain facts, relative to the purchase from the defendant of the goods now sued for, from which it was contended that he was liable to the plaintiffs therefor as the original purchaser. He also stated that he had given his bond to the defendant to pay all the defendant's debts. But, as the defendant had released the witness, this point was not much insisted upon.

Howard, J., presiding, admitted the witness.

There was also the testimony, *for the plaintiffs*, of one Brigham, which the plaintiffs alleged to be in contradiction to the witness, Whidden. Upon this particular, the plaintiffs requested the Judge to instruct the jury, *as matter of law*, that when one witness swears positively to a fact, and another witness of equal credibility contradicts it, and testifies to facts inconsistent with its truth, such fact is to be regarded as not proved.

This instruction was not given.

The verdict was for the defendant.

*J. Granger,* for the plaintiffs.

1. R. Whidden was interested. If a witness, he might, by defeating this action, dissolve the attachment on the land he had purchased of the defendant, and also escape liability on the replevin bonds. It is like the case of bail or of indorser of a writ, or creditor of insolvent estate. Neither of these can be a witness. 6 Greenl. 364 ; 14 Maine, 30 ; 1 Harr. Dig. 1048 ; 26 Maine, 37 ; 12 Maine, 51 ; 8 Greenl. 27.

2. The plaintiff was entitled to the requested instruction, as to conflicting testimony. 13 Maine, 90.

*Pike, contra.*

Howard, J. — The defence in this case is made by subsequent attaching creditors, under provisions of the Revised Statutes, chap. 115, sect. 113 — 119. The plaintiffs caused certain personal and real estate to be attached as the property of the debtor. Reed replevied the personal property from the attaching officer, Nutt, and gave a replevin bond in the usual form, with Rendol Whidden as surety. The latter was call-

ed as a witness for the defence, but objection was made to his testifying on account of his interest, arising from being a party to the replevin bond.

If the plaintiff in replevin should succeed in his suit, the witness could not be made liable on the bond; and if he should fail, he might return the property, or pay the damages as provided in the bond; but if he did neither, the bond might be enforced against the witness. It is quite apparent, that the liability of the witness in this view of the case, could be but indirect, uncertain, and contingent, and that he could have no certain, legal or immediate interest in the event of this suit. But neither the failure, nor the success of the plaintiff in this suit, will affect the liability of the witness upon the replevin bond. The officer may contest the right of the plaintiff in replevin to the goods attached, in either event, regardless of the result of this action, and have judgment for a return, in order to restore them to the rightful owner. The witness cannot, therefore, relieve himself from his obligation by his testimony, and this objection cannot prevail. 1 Stark. Ev. 103–4; 1 Greenl Ev. § 386.

The release from the defendant discharged the witness from all liability which could result from his agreement, or obligation to pay this debt.

It appears that, the witness was grantee of the debtor, or of *his* grantee, the Freeman's Bank, of certain real estate embraced in the plaintiff's attachment; and it is contended, that the attachment created an incumbrance which the witness is interested to remove, by defeating this suit. If the attachment was made before the witness had an interest in the real estate, he might be interested to defeat it, but if made since, he would have no such bias or interest. The testimony does not show whether the attachment was before or since the conveyance from the debtor, under which the witness claims, and therefore does not establish any interest in the witness, by reason of his claim to the real estate.

Two witnesses may be equally honest and of "equal credibility," and yet, their testimony may not be equally credible

or satisfactory.    The circumstances under which they testify, and their means of knowledge of particular facts, may be different, and their habits of observation, and memories, and intellectual capacities, may be widely different ; all of which may affect the credibility and influence of their testimony. The instructions to the jury that they were to judge which of. the witnesses testified to the truth ; that they should take all the circumstances into consideration affecting both witnesses, and their means of knowledge, and give credit to the statements of the one or the other, as they might find them entitled to their belief, were therefore correct.

*Judgment on the verdict.*