# JOSHUA M. CLEVENGER

*v.*

# JOHN F. CURRY.

CREDIBILITY OF WITNESSES—*by whom to be determined.* An instruction, that if the jury believe, from the evidence, the reputation of a witness is, in any manner, impeached for truth and veracity, his credit as a witness should be restored in matters where he is corroborated by the unimpeached statements of the other credible witnesses, is wholly wrong, in that it as-

sumes that there are credible witnesses who have corroborated the impeached witness in some matters; that their statements are unimpeached, and declares, as to such matters his credit should be restored.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SWEET & DAY, and Mr. Z. S. SWAN, for the appellant.

Messrs. LANGLEY & KNIGHT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by Clevenger against Berry and Curry, upon a joint and several promissory note made by the two latter to the former, dated March 8, 1873, for $100, payable six months after date, with an agreement, if not paid at maturity to pay at the rate of twenty-five per cent per annum, from maturity, as liquidated damages. There was an indorsement on the note of one dollar, received September 30, 1873. A verdict and judgment were rendered against the plaintiff, and he appealed.

Curry set up, in defense, that he was surety upon the note, and that Berry had paid Clevenger one dollar for an extension of the time of payment of the note for fifteen days.

In the deposition of Berry, taken in the case, he testifies to the fact of the payment of the dollar for an extension for fifteen days.

Clevenger, by his testimony, denies it, and says Berry paid him the dollar for back interest due. The testimony of the witness Percival, who was present at the time, was corroborative of that of Clevenger. Curry testified to an admission to him, by Clevenger, of the payment for an extension. Clevenger entirely denies any such admission. There was quite a strong impeachment of Berry, by testimony of his general bad reputation for truth and veracity.

The court below gave to the jury this instruction, for the defendants:

" The court instructs the jury, that if they believe, from the evidence, that the reputation of Berry is, in any manner, impeached for truth and veracity, his credit as a witness should be restored in matters where he is corroborated by the unimpeached statements of the other credible witnesses."

This instruction was wholly wrong. It assumes that there are credible witnesses who had corroborated Berry in some matters—that their statements were unimpeached—and declares that, as to such matters, Berry's credit should be restored. It had the effect to take away from the consideration of the jury the credibility of such witnesses, and whether their statements were impeached by those of Clevenger and Percival, or by their interest in the case.

The credibility of witnesses is for the jury. The court can not instruct who to believe and who to disbelieve. There is no artificial rule of belief to control the minds of a jury. *Huchberger* v. *Merchants' Fire Ins. Co.* 4 Bissell, 267.

It was important, where the evidence was so nearly balanced as here, and all depended on the credibility of witnesses, that the court should not have given any intimation of opinion as to the credit due to witnesses.

The judgment must be reversed.

*Judgment reversed.*