PEORIA, DECATUR & EVANSVILLE RY. CO.

v.

INDIANA S. BERRY.

1. EVIDENCE.—Where a medical witness was permitted to express his opinion as to whether the plaintiff was permanently injured, based upon an examination of the case made six months before the trial. *Held*, that it can not be judicially determined that an opinion so predicated is incompetent.

2. INSTRUCTIONS—TIME OF INJURY.—Where it was objected that an instruction required the plaintiff to have exercised "due care at the time of the alleged injury" only. *Held*, that the objection in this case is untenable. The jury would understand the time referred to by the instruction to be, not the very moment the hurt was received, but the general occasion covered by the proof.

APPEAL from the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed October 5, 1885.

Messrs. STEVENS, LEE & HORTON, and Messrs. WILEY & NEAL, for appellant.

Mr. HORACE S. CLARK and Mr. F. M. PHIPPS, for appellee.

WALL, P. J.    This was an action on the case to recover damages for injuries sustained by the appellee in consequence of the alleged negligence of appellant in operating its train through the city of Mattoon.

The plaintiff alleged that she was riding in a wagon drawn by horses along a public street crossed by appellant's track, and that the train moving at a reckless rate of speed and without giving the proper signal by bell or whistle, suddenly appeared, frightening the horses, causing them to turn and run, throwing the plaintiff from the wagon, thereby producing the injuries complained of.

The main point urged for our consideration is that the verdict for plaintiff is not supported by the evidence, and we have carefully read the testimony.

There is conflict in the proof as to the rate of speed, whether signals were given, and whether the driver of the team might not, in the exercise of ordinary care, have seen the train in time to have avoided the accident; but it was the province of the jury to consider and reconcile all the evidence, and we can not say that their finding is so unwarranted as to justify us in reversing the judgment.

It is objected also that the court erred in permitting a medical witness to express his opinion to the jury as to whether the plaintiff was permanently injured, based upon an examination of the case made six months before.

It can not be judicially determined that an opinion so predicated is incompetent. The witness was an expert and it may be that there were such indications as to justify the opinion to which he was willing to adhere without a new examination. The jury could of course consider the lapse of time in weighing his evidence and would naturally do so.

The verdict was for a moderate sum, $175, and even if there was no permanent injury, the allowance could not be regarded as too high. It is manifest therefore this evidence, if it was improper, had no prejudicial effect.

Objection is taken to the language of the plaintiff's first instruction in that it requires the plaintiff to have exercised due care " at the time of the alleged injury " only.

We see nothing in the point thus made. The cases cited in support were very different from this and perhaps the criticism there made was just. In the present case the jury would understand the time referred to by the instruction to be, not the very moment the hurt was received, but the general occasion covered by the proof.

It is suggested also that the last instruction given for plaintiff is faulty in "limiting the consideration of the jury to one element of testimony." This instruction refers to the measure of damages only, and authorizes the jury to consider, if proved, any disability resulting to plaintiff from the injury in question, rendering her less capable of attending to her business than she would have been otherwise. We find no objection here.

The judgment of the circuit court is affirmed.