# NORTH CHICAGO CITY RAILWAY COMPANY

v.

## JOHN GASTKA.

*Personal Injuries—Street Cars—Newsboy—Trespass—Negligence of Conductor—Action for Damages—Instructions—Permanent Injury—Probable Damages—Preponderance of Evidence—Reference to Declaration.*

1.   Although the conductor of a street car has implied authority to keep trespassers off the car under his control, he is bound to have due regard for life and limb.   His employer will be held to a strict accountability for any reckless or wanton abuse of his authority.

2.   In an action to recover damages for a personal injury, it is proper to instruct the jury that, in estimating the plaintiff's damages, they may take into consideration the permanent character of the injury, although there is no averment of permanent injury contained in the declaration.   Nor can the defendant object that such an instruction leaves the jury to find damages for the probable effect of the injury.

3.   In the case presented, an instruction touching the preponderance of the evidence and credibility of witnesses, is approved by this court.

4.   It is proper in an instruction to refer the jury to the declaration for a statement of facts necessary to charge the defendant with liability.

5.   On a motion for a new trial based on the absence of witnesses who had been subpœnaed, the failure of the party calling them to show whether such witnesses absented themselves by his consent, is sufficient ground for refusing a new trial.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Appellee brought an action on the case against appellant, in the court below, to recover for a personal injury sustained by him by being run over by a street car owned by appellant, and operated by it on North Clark street, in the city of Chicago. The declaration as amended contained three counts.   The first count alleged that on the 18th day of August, 1885, appellee was riding on a street car of appellant drawn by horses, which were under the care of servants of appellant, who were

North Chicago City Ry. Co. v. Gastka.

driving the same along a certain street car track owned by appellant; and while appellee, with all due care, was lawfully riding on such car, appellant, by one of its servants, violently, negligently and wilfully laid hands upon appellee, and negligently and wilfully, with great force and violence, threw him from said car and under the feet of horses then drawing another car of appellant in an opposite direction; and the last named car and horses ran over the body of appellee, and he was thereby greatly bruised, hurt and wounded, and was obliged to, and did, spend five hundred dollars in endeavoring to be cured, and by means of the premises appellee became sick, lame and disordered, and so remained, hitherto; during all which time appellee was prevented from transacting his business, and was deprived of divers gains and profits which he otherwise would have made.

The second count differs from the first one in no material respect, except that it alleges that the servants of appellant violently, negligently and unlawfully, pushed, jostled, cast and threw appellee, and then and there caused to be pushed, jostled, cast and thrown, with great force and violence, appellee off the car upon which he was riding, under the feet of the horses drawing a car in the opposite direction, etc.

The third count differs from the second only in respect that it avers that for a long time previous to the injury in question, newsboys were accustomed to go upon the cars of appellant to sell newspapers to passengers thereon, with the knowledge, consent and approbation and without the objection of appellant, and appellee as such newsboy, on the day mentioned, boarded the car of appellant for the purpose of selling newspapers to passengers who had taken passage upon it; and while appellee was lawfully upon such car and in the exercise of due care, appellant, through its servants, without notice to appellee and without warning to him to get off the car, violently, negligently and unlawfully cast and threw him to the ground with great force and violence, and that another car of defendant, drawn by its horses moving in an opposite direction, then and there ran over his body and legs, and by reason thereof divers of his bones were broken, and his legs were crushed,

contused, mangled, lacerated and broken, and he became and was sick, sore, lame and disordered, and so remained from thence hitherto, etc.

The case was tried below with a jury, in December, 1887, and the jury found a verdict for appellee, assessing his damages at $3,000.

The lower court overruled the motion of appellant for a new trial, and rendered judgment on the verdict, and this appeal is from that judgment.

Messrs. MUNROE & GEER and W. C. GOUDY, for appellant.

Even if a servant is engaged in the performance of his duty to his master, yet, if he, personally and wholly for a purpose of his own, does an act not connected with the business of such master, and not intended by him to further the objects of such employment, the master is not liable for an injury thereby occasioned.  Cooley on Torts, page 535; Johnson v. Barber, 5 Gilm. 425; Tuller v. Voght, 13 Ill. 277; Oxford v. Peter, 28 Ill. 434; Wharton on Neg., Sec. 168.

"A railroad company is not liable for assaults committed by its servants on a person who is not in any sense a passenger, although it is otherwise as to passengers." Wharton on Neg., Sec. 168; Porter v. R. R., 41 Iowa, 358.

"Where a servant," says Lord Kenyon, " quits sight of the object for which he is employed, and, without having in view his master's orders, pursues that which his own malice suggests, his master will not be liable for such acts." McManus v. Crickett, 1 East, 106; Wright v. Wilcox, 19 Wend. 343.

"If the servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending to execute it, does an injury to another, not within the scope of his employment, the master is not liable." Howe v. Newmarch, 12 Allen, 49.

If the servant, even while engaged in the service of the master, do a wrongful act not within the scope of his employment, from motives of malice or wantonness, the master will not be liable, for it would be an abandonment of the business of the employment.  Johnson v. Barber, 5 Gilm. 425.

" At the common law, the master is not liable for the wilful trespasses of the servant which are not committed in furtherance of the business of the master. Tuller v. Voght, 13 Ill. 278.

It has been held by courts of the highest respectability that the wilful and malicious throwing of a passenger from the car by the conductor of a street car, is not an act done in execution of the duty of a conductor to his employer, and that the street car company is not liable therefor. Isaacs v. Third Ave. R. Co., 47 N. Y. 122; Passenger R. Co. v. Donahue, 70 Penn. St. 119; McKeon v. Ci.'zens R. Co., 42 Mo. 79.

" A newsboy selling newspapers on the street, and accustomed to board street cars, with the acquiescence of the servants of the company, for the purpose of supplying the passengers with papers, is not a passenger, and the company is not charged with the duty of looking after his safety, or of seeing that he does not run into danger, or of stopping the speed of the car for him to leave, whether requested to do so or not." Thompson on Car. of Pass., p. 46; Fleming v. Brooklyn R. Co., 1 Abb. N. C. 433; Blackmore v. Toronto Street R. Co., 38 U. C. Q. B. 172.

The first instruction attempts to give to the jury the elements that enter into the determination of the question of the preponderance of evidence. It should, therefore, give all of the elements entering into the question, and, if it does not, it is erroneous. Whitaker v. Parker, 42 Iowa, 588; Bierbach v. Goodyear Rubber Co., 54 Wis. 213; City of Greenville v. Henry, 78 Ill. 151.

That the instruction omits to mention several important elements involved in the proper decision of the matter is apparent. It makes no mention of the interest, or the intelligence of the witnesses, the reasonableness or unreasonableness, probability or improbability of their statements, or the consistency or inconsistency of their testimony. It is confined wholly to the two elements of the appearance of the witnesses, and their opportunity of knowing the facts.

It is the established rule in this State, that, in a case where the evidence is conflicting, unless every instruction given to

the jury on behalf of the plaintiff, if he be successful below, stated the law with accuracy, and was free from all error calculated to mislead the jury, the judgment will be reversed. Instructions should be correct in themselves, without reference to others. C. & A. R. R. Co. v. Murray, 62 Ill. 326; Volk v. Roche, 70 Ill. 297; Cushman v. Cogswell, 86 Ill. 62; T. W. & W. R. Co. v. Grable, 88 Ill. 441; Am. Ins. Co. v. Crawford, 89 Ill. 62; Wabash Ry. Co. v. Henks, 91 Ill. 406; Ruff v. Jarrett, 94 Ill. 475; Stratton v. C. C. Horse R. Co., 95 Ill. 25; Swan v. People, 98 Ill. 610.

" The non-attendance of a material witness, or the absence of a material piece of testimony, contrary to reasonable expectation and satisfactorily accounted for, will induce the court to set aside the verdict and grant a new trial." 1 Gra. & Wat. New Trials, 209; Cotton v. The State, 4 Tex. 264; 3 Wait's Prac. 402; Oakley v. Sears, 7 Rob. 111.

Messrs. JOHN GIBBONS and FRANK H. GOIN, for appellee.

GARNETT, P. J. The court below gave to the jury the following instruction for the plaintiff, viz.:

4. " If, under the evidence and instructions of the court, the jury find the defendant guilty, as charged in the plaintiff's declaration, then, in estimating the plaintiff's damages, it will be proper for the jury to consider the effect of the injury in future upon the plaintiff, the use of his leg and his ability to attend to his affairs generally in pursuing any ordinary trade or calling, if the evidence shows that these will be affected in the future, and also the bodily pain and suffering he sustained, and all damages, present and future, which from the evidence appear to be the necessary and direct result of the injury complained of."

Appellant presents two objections to this charge:

(1) That there is no averment in the declaration of permanent injury to appellee, or that he was thereby incapacitated from doing anything in the future that he would have been able to do had the injury not been inflicted.

(2) That the instruction leaves the jury to find damages

for the probable effect of the injury, in the future, upon the plaintiff.

A complete answer to the first point is found in City of Chicago v. Sheehan, 113 Ill. 658, where the same supposed defect in the declaration was pointed out. The court held, however, that the absence of an averment of permanent injury was immaterial; that it was enough that the declaration showed the injury received, without describing it in all its seriousness.

As to the second objection, whatever criticism of the instruction might have been accepted as well founded before the decision in C., B. & Q. R. R. v. Warner, 108 Ill. 538, we must now regard it as having no force. The injury of which Warner complained there, was the crushing of his arm, and the instruction now under consideration is a copy of the one approved by the court in that case, substituting only the word " arm " for the word " leg."

Another instruction given for appellee, was:

" The plaintiff holds the affirmative of the issue, or, what is called the burden of proof rests upon him, the defendant having denied the charges alleged against it in the declaration. The plaintiff must satisfy you by what is called a preponderance of the proof, that the wrong complained of was committed by the servant of the defendant, in manner and form as charged in the declaration. By a preponderance of proof, the court does not mean the largest number of witnesses on a given point; four or five witnesses may testify to a fact, and a single witness may testify to the contrary, but under such circumstances and in such manner and with such an air and appearance of truth and candor as to make it the more satisfactory or convincing to you that the one witness, with the opportunity of knowing the facts testified to, has told the truth of the matter. When you are thus satisfied that the truth lies with a single witness or any other number, you are justified in returning a verdict in accordance therewith. This is what is meant by a preponderance of proof. It is that character or measure of evidence which carries conviction to your minds."

Appellant's counsel insist that this was an effort to inform

the jury of the various elements necessary to be considered by them in determining the credibility of the witnesses, and the consequent preponderance of the evidence. There is no such attempt at enumeration to be found in the instruction. In effect, the jury are hereby directed to consider all the circumstances under which the several witnesses testified, for the purpose of arriving at a correct conclusion as to their credibility. The appellant, if not satisfied with the general statement of the law, should have asked an instruction designating more specifically the points which should be treated as the basis of the finding in this respect. A similar instruction, in substance, was approved in Johnson v. Whidden, 32 Me. 230.

Exception is also taken to the clause in the instruction which charges that "the plaintiff must satisfy you by what is called a preponderance of the proof that the wrong complained of was committed by the servant of the defendant, *in manner and form as charged in the declaration.*" The declaration contains a full statement of the facts necessary to charge the appellant with liability, and no error is committed in thus referring the jury to that source for information. O. & M. Ry. Co. v. Porter, 92 Ill. 438; Ladd v. Pigott, 114 Ill. 654.

The case presented by either count of the declaration is not based merely upon negligence, but upon great force and violence, in the first and second counts, and in the third upon great force and violence without any warning to appellee. Referring to either count for the facts necessary to a recovery, the jury could not, as contended for appellant, have found appellant guilty, if its only fault had been the slightest degree of negligence. The instruction was as favorable to appellant as the law requires. The conductor of a street car, having implied authority to keep trespassers off the car under his control (Thompson on Carriers of Passengers, 369), still must have a due regard for life and limb, and should be held to a strict accountability for any reckless or wanton abuse of his authority. Railway Accident Law (Patterson), Sec. 198; Pierce on Railroads, 330.

At the conclusion of the evidence of appellant, but before it rested its defense, the attorney for appellant informed the

North Chicago City Ry. Co. v. Gastka.

court, that appellant had subpœnaed Bohn and Burda as witnesses in the cause; that they had been present in the court house during the trial on the day before, and on the then present day of the trial; that, because of the order of the court excluding the witnesses from the court room, during the trial, Bohn and Burda had not been in the court room, but had kept outside of it, and in the room of the court house assigned to the witnesses in said cause while waiting to testify, and when they were wanted for examination, they could not be found; and appellant moved the court to give it time to produce such absent witnesses; but the court, after waiting for that purpose for not over fifteen minutes, the witness not appearing, refused to wait longer, and required the appellant to at once proceed with the trial, which was done, without the evidence of such witnesses.

On the motion for a new trial affidavits were read in evidence showing the facts above stated, and the materiality of the evidence which Bohn and Burda would have given, if time had been allowed to secure their attendance. Without passing on any other question presented by this point in the motion for a new trial, we must rest contented with the observation that none of the affidavits state whether or not the witnesses absented themselves by consent of appellant, and the failure to make that fact appear was good ground for disregarding the point.

Inspection of the evidence fails to convince us that the jury was influenced by passion or prejudice in arriving at their verdict, or that the finding is manifestly against the weight of the evidence. The judgment is affirmed.

*Judgment affirmed.*

Gary, J., took no part in the decision of this case.