ALLEMANIA FIRE INSURANCE COMPANY

v.

WILLYS G. PECK ET AL.

*Fire Insurance—Loss—Recovery upon Policy—Conditions—Failure to Bring Suit within Time Specified—Inducements to Adjustment—Special Findings—Evidence—Appeal.*

1.   On a second appeal, questions decided on the former appeal in the same case will not be reconsidered.

2. If a part of the time allowed under the conditions of an insurance policy for the bringing of suit upon a loss, is consumed in negotiations touching a settlement, the time so occupied should be added to the period specified therein.

[[Opinion filed October 23, 1889.]

In error to the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Myron H. Beach and W. P. Thornton, for plaintiff in error.

Messrs. Flower, Smith & Musgrave, for defendants in error.

Gary, P. J.   This case was before this court in 1886, and the facts, except upon the new question now presented, are reported in 20 Ill. App. 431.   After the case returned to the Superior Court a new replication was filed to the second plea, alleging that the plaintiffs and the defendant were carrying on negotiations for the settlement and adjustment of the claim, and the defendant was holding out reasonable hopes for an adjustment, and thereby deterred the plaintiffs from commencing suit until the day it was commenced.   And in answer to a special interrogatory, the jury have found that the company did hold out such reasonable hopes of an adjustment or compromise to the plaintiffs as to deter them from bringing this suit within the six months limited in the policy.   The only question now open for discussion is whether the evidence supports the finding.

The doctrine is familiar that on a second appeal, questions decided on a former appeal in the same case, will not be reconsidered.   Smyth v. Neff, 123 Ill. 310.

The negotiations relied upon were with the general agent of the company.   They were had in personal interviews and by letters, the last letter from the agent, dated January 8, 1885, containing among other things, this:

"In regard to the Allemania, they claim that their policy was absolutely voided by reason of the violation of article 8 of section A.   I have had several talks with the vice-president and the best terms that I can make will be to pay $500 on the

policy. I can not get them to admit of any liability, and they write me that they do not consider the company holden for anything. The case appears to me to be such a plain one that I would advise your acceptance of the offer. 1 want to get the case closed some time, and I know you do. Please advise me at your earliest convenience." There was time enough after that letter, which was the last step in the negotiations, no reply having been made to it, to have commenced the suit within the six months. No authority is cited as to what diligence, in order to avoid the bar, a policy holder of such a policy as this must exercise in bringing suit after negotiations are broken off. Considering that one month may not, in many cases, be unreasonably consumed in making the proofs of loss, and that the company has sixty days thereafter in which to pay, and that thereby the holder really has, under the terms of the policy, but about three months in which he may sue, the condition that he shall sue only within six months after the fire has occurred, is sufficiently stringent; and if during any part of that time the company deters him from suing he ought to have as much added to the original time.

It is not necessary to recite all that took place in the negotiations. They were all in the same spirit as the letter quoted, and it would have been quite inconsistent with that spirit for the holders of the policy to sue for a loss which the company was endeavoring to adjust and compromise, by paying a part, so long as from the conduct of the company there was reasonable ground to expect that the company would make terms that would be preferable to a suit. In the Lebcher case, 20 Ill. App. 450, the negotiations occupied less than three months, and the suit was not begun until more than eighteen months after the fire. In that case the limitation in the policy was one year. Upon the question here, that case has no bearing, as the suit was instituted on the forty-eighth day after the last letter. Whether the former decision of this court was correct can be made a question before the Supreme Court.

In that part of the case open to review here there is no error, and the judgment is affirmed.

*Affirmed.*