## DAVID J. TROTT, BY HIS NEXT FRIEND,
## V.
## JACOB WOLFE.

*Master and Servant—Negligence of Servant—Injury to Third Person —Damages—Evidence—Instructions.*

1. Negligence is a question of fact for the jury.
2. An instruction setting forth that a preponderance of the evidence does not necessarily mean a majority of witnesses, and that the evidence of one creditable witness may be taken and given credence in preference to the evidence of a number of witnesses believed to be swearing falsely, should not be given, for a jury may not capriciously believe a number of witnesses are swearing to falsehoods.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. NELSON MONROE and CHARLES T. STRATTAN, for appellant.

Mr. J. C. SCOVEL, for appellee.

GARY, P. J.   For error in law, with no intimation as to what the merits are, the judgment in this case must be reversed.

The appellee is an infant suing by his next friend, for injuries sustained by being run over by a beer wagon in an alley.

For the appellee the court instructed the jury:

" The court instructs the jury that the law is that no one is responsible for an injury caused purely by inevitable accident while he is engaged in a lawful business, even though the injury was the direct consequence of his own act and the injured party was at the time lawfully employed and in all respects free from fault, and in this case, if the jury believe from the evidence that defendant's driver was driving slowly and cautiously through the alley in which the accident occurred, and that his attention was turned in another direction so that he

did not see the child, and that the child ran from the yard into the wagon being driven by defendant's driver, and that said injury was received in this way, then there can be no recovery in this case and your verdict must be for the defendant."

The wagon at the time was being driven by the son of the appellant, aged fifteen, and the man who was the regular driver sat on the right hand, reading. Negligence is a question of fact for the jury, and they are to say whether the attention of the driver being turned in another direction so that he could not see the child, is an excuse or not.

The appellant also complains of the refusal of this instruction:

"The jury are instructed that a preponderance of the evidence does not necessarily mean a majority of witnesses and that the evidence of one creditable witness may be taken and given credence by the jury in preference to the evidence of a number of witnesses that the jury believe are swearing to falsehoods."

It was rightfully refused; creditable as synonymous with credible is obsolete, and a jury may not capriciously believe a number of witnesses are swearing to falsehoods. It may be questionable whether the refusal of any instruction that relates only to the credibility of witnesses is error.

"The credibility of witnesses is for the jury. The court can not instruct who to believe. There is no artificial rule of belief to control the minds of a jury." Clevenger v. Curry, 81 Ill. 432.

*Reversed and remanded.*