# ANDREW JOHNSON

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

*Bastardy—Evidence—Instructions—Practice.*

1. The jury are the sole judges of the weight to be given to the testimony of witnesses in a given case.

2. Two persons swearing to the contrary of each other, upon matter within their personal knowledge, and which they could not have forgotten, can not be of equal credibility, unless both are guilty of untruth.

[Opinion filed April 8, 1891.]

APPEAL from the Criminal Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Mr. E. W. ADKINSON, for appellant.

Mr. FRED. H. ATWOOD, Ass't County Att'y, for appellees.

GARY, J. This is a prosecution under the Bastardy Act. The jury found that the appellant was the father of the child of the relatrix. His most serious complaint is, that the court refused to give to the jury this instruction:

" The court instructs the jury, that in this case both the mother of the child and the defendant are competent witnesses, and if one swears that the defendant is the father of the child and the other that he is not, then if they are of equal credibility, the one offsets the other, and unless further evidence, given by other witnesses for the people, or circumstances proved, give the preponderance for the plaintiff, your verdict should be for the defendant."

It is true that such an instruction was approved in McFarland v. People, 72 Ill. 368, and the intimation there is, that it was error to refuse it; but there was another clear error which had first received the attention of the court, so that any consideration of this instruction was not necessary to a decis-

ion of the case.    On the face of it the instruction is an absurdity; it involves an impossible hypothesis.

Two persons swearing to the contrary of each other, upon matter within their personal knowledge, and which they could not have forgotten, can not be of equal credibility, unless, indeed, both are lying, for at least one of them is lying wilfully. The legal proposition which the instruction is intended to express, is not sound. It is opposed to the result sanctioned by the Supreme Court in Miller v. Balthasser, 78 Ill. 302, and to the principle of Boylston v. Bain, 90 Ill. 283. The jury are the sole judges of the weight to be given to the testimony of each witness.    Shaw v. People, 81 Ill. 150.

There is no more in courts than on the street, any artificial rule by which belief, if honest and genuine, can be guided. The appellant and the relatrix were the only witnesses who testified to anything which had any bearing upon the issue. Perhaps it is not quite correct to say they were equally interested. She had the baby ; somebody was its father; and some interest, pecuniary or otherwise, might lead her to fix upon one not guilty; but upon some one she could truly fasten the responsibility of sharing with her the burden imposed upon her by their mutual error.    He sought escape altogether. There is no other question in the case that requires consideration, and the judgment is affirmed.

*Judgment affirmed.*

Judge Waterman, having tried this case in the Criminal Court, takes no part in it here.