## CENTRAL WAREHOUSE COMPANY
### v.
## SAMUEL C. SARGEANT.

*Warehousemen—Injury to Goods in Store—Recovery for—Statements in Receipts.*

1. On a second appeal, questions decided in a former appeal in the same case will not be reconsidered.

2. The verdict of a jury upon a conflict of evidence in a given case, settles the facts, and this court can only consider objections made to the law laid down by the trial judge.

3. This court holds as proper the giving of an instruction touching the degree of weight that should be given the testimony of a witness, he being an employe of defendant.

4. Recitals in receipts given by draymen to warehousemen upon the taking away of goods as to the condition thereof when taken away, are not evidence against the owners thereof.

[Opinion filed May 5, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. GEORGE L. PADDOCK, for plaintiff in error.

Messrs. JOHN BARTON PAYNE and WILLIAM BRACE, for defendant in error.

GARY, J. This is the same case reported in 15 Ill. App. 553. Whether this court then judged correctly as to the effect of Sec. 24 (there called 42) of the act relating to warehouses,

approved April 25, 1871, is a question not open in this court. We are bound by the former opinion.    Allemania F. I. Co. v. Peck, 33 Ill. App. 548.    The verdict of a jury upon a conflict of evidence settles the facts, and we can only consider objections made to the law laid down by the court in the last trial.

Except upon the point decided when the case was here before, those objections are two.

*First.*    For the plaintiff below, the court gave this instruction, excepted to by the defendant below:

" The court further instructs the jury that if they believe from the evidence that any witness has testified under the fear of losing his employment, or a desire to avoid censure, or a fear of offending, or a desire to please his employer, then such fact may be taken into account by the jury in determining the degree of weight which ought to be given to the testimony of such witness, and in such case the jury have a right to judge of the effect, if any, likely to be produced upon the human mind of such feelings or motives on the part of a witness, and how far such feelings or motives on the part of a witness may tend to warp his judgment or pervert the truth."

While on principle it may well be questioned whether under the statute that " the court, in charging the jury, shall only instruct as to the law of the case " (Sec. 51, Practice Act), any instruction as to the weight of evidence or credibility of witnesses ought to be given, instructions upon those subjects have been constantly given for many years, and often sanctioned by the Supreme Court, without discussion of the principle involved.

There was in the evidence ground for an argument by counsel against the witness toward whom that instruction pointed.    What ought to be the effect of that argument is not for the court, but for the jury to determine.    There being such ground, the plaintiff below, if entitled to any instruction upon the subject, was entitled to this.    Parmly v. Head, 33 Ill. App. 134.

The witness was foreman of the warehouse; had received the flour as in good order; and the plaintiff below testified to

a conversation between the president of the warehouse com-. pany and the foreman, in which the former reproached the latter for not reporting that the flour was muddy when it came in.

*Second.* The defendant below asked this instruction : " The receipts given to the Central Warehouse Company at various dates upon the delivery of the flour by the warehouse company in parcels, and read in evidence, are competent evidence for the defendant as a part of the course of business relating to the flour, and they may properly be considered by the jury, and given such weight as the jury deem them entitled to;" which the court refused, but in lieu thereof gave this :

" The jury are instructed that the statements as to the condition of the flour in question contained in the receipts signed for the warehouse company by the draymen or teamsters, and read in evidence in this case, are not binding upon the plaintiff as admissions by him that the flour was in good condition when delivered to said draymen or teamsters. The said receipts can only be considered as evidence of the course of business employed by the defendant in the transaction to which they relate."

To this action of the court the defendant below excepted. Both of these instructions related to the receipts given by the draymen who took the flour from the warehouse. No authority is cited that recitals in their receipts as to the condition of the flour when they took it away, are evidence against the owner of it. In the course of the business their only authority was to haul the goods they were sent for, in whatever condition they found them. Their receipts were convenient as vouchers to the warehouse of the delivery, and preceded by proof of their authority to receive, would be doubtless *prima facie* evidence of delivery. If there is error in the record it is one that we can not correct.

*Affirmed.*