## ABRAHAM BERNSTEIN

### V.

## SAMUEL ROTH.

*Verdict—Of Several Juries—Effect of—Collision on Highway—Responsibility of Owner of Team Driven by Another.*

Two juries having successively found verdicts for the plaintiff in the case at bar, this court refuses to reverse the judgment, although the verdict appears to be contrary to the evidence.

[Opinion filed April 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. BLUM & BLUM, for appellant.

Messrs. JOSEPH B. DAVID and JOHN C. KING, for appellee.

Bernstein v. Roth.

Waterman, P. J.   The question presented by the record in this case is entirely one of fact.  Is the evidence sufficient to sustain the verdict?  In our judgment the jury ought not to have found as they did.  We are of the opinion that the preponderance of the evidence is to the effect that the party driving appellant's team when the collision occurred, was neither in the service of Mr. Bernstein nor engaged in the performance of any service for him; in brief, that he was out upon an expedition entirely for his own pleasure and without the knowledge of appellant.  In our opinion, the weight of the evidence is that the party driving the team is alone to blame for this accident.  He accepts the responsibility and, so far as his testimony can, exculpates appellant.  But appellant is pecuniarily responsible and the careless driver (we presume) is not; so appellant has been sued and a judgment has been obtained against him.

The testimony upon all the vital questions is conflicting, and while we do not agree with the jury in its conclusions, we do not feel warranted by this record in reversing the judgment in this case.  The question of fact was for the jury to decide.  Two juries have come to the same conclusion; the amount of the verdict was not (for the injury shown) unduly large, and we see no reason for thinking that a materially different result would be reached upon another trial.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*

Gary, J.   The only ground upon which I can bring myself to consent to an affirmance of this judgment is that two juries have, in effect, found that the defense is manufactured.  If it be, it is wonderfully ingenious in its simplicity. The ownership of the horse and wagon by which the mischief was done could not be denied; but, it is said, Kahn goes to the place of business of his friend Bernstein, to borrow a horse and wagon to move the things of his (Kahn's) mother-in-law.  Bernstein is out, and Snyder, his bookkeeper, won't lend; Kahn presumes upon Bernstein's

friendship, and drives the horse and wagon, which stand before the door, away without leave, and in sending back by the boy Shimcrick, the harm is done. That may be true, and great injustice done to Bernstein. Two juries with much better opportunity than we can have for judging of the credibility of the story, would not believe it. The jury is the ancient—in England common law, in America constitutional law—tribunal to determine facts.