## PRESTON & COMPANY

### v.

## MOLINE WAGON COMPANY.

*Instructions.*

An instruction indicating to the jury the views of the court as to the presumption arising from the facts stated, should not be given.

[Opinion filed May 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellants.

Messrs. CHARLES DUNHAM and OSBORN & LYNDE, for appellee.

GARY, J.    With the parties reversed, this case has been

here before. (35 Ill. App. 358.) On the last trial, Whittle, the manager for the appellant, testified that he made no agreement with Rosenfield, who, for the appellee, bought of the appellant the negotiable paper in question, that it might be returned; and one Warren, a clerk of the appellant, testified that he heard the conversation about buying the paper, and heard nothing about the return.

The court, at the request of the appellee, gave, among others, these instructions :

" 4. You are instructed that the statement by a witness, that had a certain contract been made at an interview at which he was present (but who swears he does not recollect what was said at that interview) that he would recollect the same, and that he does not recollect that any such contract was made, is but an expression of an opinion by such witness concerning his memory, and should be given only such weight by you as you think it justly entitled to as an opinion.

" 5. The jury are further instructed that when witnesses are otherwise equally credible, and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those who swear affirmatively to a fact rather than to those who swear negatively, or to a want of knowledge or want of recollection."

The appellant excepted to them. The practice of procuring arguments to the jury upon the evidence, by instructions from the court, is perilous. Many a verdict which would have been the same without as with the instructions, has been lost by it. The fourth instruction was pointed at Warren, and was an argument against his testimony, as effectual, in intimating that it was of little or no weight, as if it had said so expressly. " It clearly indicates to the jury the views of the court as to the presumption arising from the facts stated." Carter v. Troy Lumber Co., 28 N. E. Rep. 932, citing Road Co. v. People, 69 Ill. 584, and Graves v. Colwell, 90 Ill. 612.

In deference to the repeated decisions of the Supreme Court in which instructions to the jury as to (supposed) legal principles relating to · the credibility of witnesses have been

sanctioned, this court, in C. & N. W. Ry. v. Dunleavy, 27 Ill. App. 438, gave a somewhat ambiguous assent to such instructions; but in many cases since, it has questioned the propriety of all instructions not relating "to the law of the case." The word "case" is used in the law in a great variety of senses, as may be seen by the dictionaries, but never as indicating the processes by which the facts are to be ascertained. See C. & N. Ry. v. Trayes, 33 Ill. App. 307; Trott v. Wolfe, 35 Ill. App. 163. Cartier v. Troy Lumber Co., 35 Ill. App. 449; Johnson v. People, 40 Ill. App. 382; Central Warehouse Co. v. Sargeant, 40 Ill. App. 438. But see review of Penn. Co. v. Verston, No. 4063, in same case, 30 N. E. Rep. 540.

The fifth instruction might just as well have told the jury to believe Rosenfield, and Deere, another witness for the appellee, and disbelieve Whittle, as to say what it does.

Rosenfield and Deere had testified that it was a part of the bargain that the paper might be returned; Whittle had testified that such return was not part of the bargain. Were the names of the first two substituted for "those" where it first occurs, and of the latter for the same word where it is again used in the instruction, the instruction would mean what, and no more than it means now.

For the error in these instructions the judgment is reversed and the cause remanded, leaving other questions untouched.

*Reversed and remanded.*