FRANK R. WALLACE *et al.*

*v.*

BENJAMIN R. DEYOUNG.

*Filed at Ottawa May 14, 1881.*

1. MASTER AND SERVANT—*extent of employer's right to services of employee.* An employer is entitled to the labor and skill of an employee in the pursuit of the business which he was employed to transact, during business hours, but has no claim to his labor or earnings before or after such hours.

2. SAME—*an employee may do service for another than his employer out of business hours, or by consent.* A person employed by a firm as a book-keeper and accountant, may recover for services rendered to another person at his request out of business hours, and also for services during business hours performed by him with the consent and permission of the firm employing him.

3. INSTRUCTION—*assuming facts not controverted.* It is not error for the court, in an instruction, to assume as true certain facts which are admitted or not controverted, but it is error to assume controverted facts to be true.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on error to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

This was an action of assumpsit, brought by Benjamin R. DeYoung against Frank R. Wallace and Albert Paul Smith, administrators of the estate of John S. Wallace, deceased.

On the trial the court, among others, gave the following instruction for the plaintiff, numbered 1:

"The court instructs the jury, that if, from the evidence in this case, the jury believe that DeYoung, plaintiff, did render services for J. Seeley Wallace, deceased, and at his request, during the years 1873, 1874, 1875, 1876 and 1877, then, in order to defeat the recovery by said plaintiff from said defendants of such sum as the jury find, from the evidence in this case, said services were reasonably worth, it will be necessary for defendants to show, by evidence, that during said years, or during the time of rendering said services, plaintiff,

DeYoung, was in the employment of Frisbie & Rappleye, and that plaintiff, DeYoung, was, by the terms of his employment by said Frisbie & Rappleye, required to perform said services for J. Seeley Wallace, deceased, as a part of his duties, and coming within the scope of said employment, or done under the orders of said Frisbie & Rappleye, as his employers, or if said services were rendered for Wallace, and not in the course of the plaintiff's employment by Frisbie & Rappleye, or rendered under their orders or directions, then, in order to defeat a recovery for the same, the defendants must further show, by a preponderance of testimony, that Wallace had paid plaintiff for the same."

The material facts appear in the opinion of the court.

Messrs. SMALL & MOORE, for the plaintiffs in error.

Mr. S. K. DOW, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error against J. Seeley Wallace, in his lifetime, and revived against the administrators of his estate. The declaration contained the common counts, and the claim of plaintiff in the circuit court was for services rendered for deceased in his lifetime in preparing papers, figuring accounts, and in attending to and looking after his business. A trial was had in the circuit court, resulting in a verdict and judgment in favor of plaintiff for $1600. The record was removed to the Appellate Court on error, and on a trial in that court the judgment of the circuit court was affirmed. The case is brought to this court by writ of error.

The judgment of the circuit court having been affirmed by the Appellate Court, we are compelled to assume the latter court found the facts as they were determined by the jury. The errors assigned only question the correctness of the instructions given to the jury on the trial. We shall only look

to the evidence to determine whether, under the issues, the instructions were proper. It is urged by plaintiffs in error that they did not state the law correctly, and the jury were thereby misled in their finding.

The evidence tended to show that defendant in error was, during several years, employed by Frisbie & Rappleye, agents of the Massachusetts Mutual Life Insurance Company, in Chicago, as their clerk, book-keeper and cashier, on a salary. During the same period of time defendant in error acted as the accountant and assisted Wallace in his business, who was engaged extensively in loaning money and purchasing commercial paper. The evidence also tends to show that he so assisted Wallace during, as well as out of, business hours. It is claimed that the services which defendant in error rendered Wallace were within the scope of the business of Frisbie & Rappleye, and were consequently paid for by them, and that he has no legal right to recover from Wallace's estate. It is believed that no one will contest the proposition that Frisbie & Rappleye were entitled only to his labor and skill in the pursuit of the business for which he had been employed to transact, during business hours. They could have no possible claim to his earnings or labor after or before business hours. They only had a right to appropriate his labor and skill during the time devoted to the business which he was employed to transact. All that defendant in error earned by laboring for Wallace out of business hours, surely, on every principle of reason, justice and law, belonged to him. If Wallace employed him, and agreed to pay him for his labor and skill performed out of business hours, Wallace could not be heard to say defendant in error was precluded from recovering because he was at the same time employed by Frisbie & Rappleye to labor for them during business hours. He was clearly entitled to recover for all labor thus performed at the request of Wallace. Such labor could not, by any rule of law, be held within the scope and embraced in his employment by Frisbie & Rappleye.

Then, as to the services rendered by defendant in error for Wallace during business hours, he might, with the consent and approval of his employers, perform them and recover for them; nor could they require him to perform such service for Wallace unless it was within the terms or scope of the agreement when his services were hired. They had no legal right to employ him to perform one kind of service and require him to do another kind. If he chose to do so as a gratuity to his employers, then he had no right to recover for such services as being outside of and beyond his employment. On the other hand, if they, in terms, or by fair implication, consented that he might perform services during office hours for Wallace, and receive compensation therefor, then neither they nor Wallace could object to his recovery for such labor and services. These were facts for the determination of the jury, and they have found them in favor of defendant in error, and the Appellate Court has approved the finding.

It remains to determine whether the jury were misled in their finding by the instructions given by the court.

It is insisted that plaintiff's first instruction is inaccurate. It is claimed the evidence shows that Frisbie & Rappleye were partners in the agency for the insurance company from in 1873 till in 1876, and that Rappleye then became the agent, Frisbie retiring from the business; that in 1877 the firm of Frisbie & Rappleye had no existence, and the instruction required defendants below to prove that plaintiff was in their employment, and performed the services for them during the year 1877, as well as prior years, to defeat a recovery. The instruction does not refer to Frisbie & Rappleye as a firm, but as individuals, and as they were acting a portion of the time as a firm, and the latter part Rappleye acted alone, and plaintiff being employed both by the firm and by Rappleye, he was employed by the two men during the whole period,—a portion of the time by them jointly, and the remainder by one of them individually. The evidence tends to show that plaintiff was in fact employed by them for the

whole period named in the instruction. It may not be strictly accurate, but the jury must be credited with ordinary intelligence, and we fail to see that men of that capacity could have been misled by it. Unless we can see that it is at least probable that such was the result, we would not be justified in reversing.

The same objection is urged against plaintiff's third instruction as to the first, and for the same reason it can not be allowed.

The fourth of plaintiff's instructions is objected to because it informed the jury that if plaintiff performed services for Wallace at his request whilst in the employment of Frisbie & Rappleye, with their consent and without objection on their part, he might recover. From what we have said, there was no objection to this instruction.

We fail to see that these instructions are so far argumentative as to be fatally defective. They no doubt would have been improved by making them more general and concise.

We fail to see that there was any error in modifying defendants' instruction before it was given. It was modified to make it conform to the theory announced in plaintiff's instructions, which we have seen were not erroneous. It is, however, claimed, that it assumes facts and invades the province of the jury. It does seem to assume that plaintiff rendered services for Wallace during office hours whilst in the employment of Frisbie & Rappleye; but that fact was not contested. Defendants' theory of defence was, that although he did perform such service, it was a part of the duty he owed his employers, and that they donated his services to Wallace. When facts are conceded, it is not error for the court to assume they are true. It is, however, error to assume the truth of controverted facts. We perceive no error in giving this instruction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*