ANDREW F. DICE

v.

THE JOLIET MANUFACTURING COMPANY.

</div>

1. EMPLOYER AND SERVANT—INVENTIONS BY SERVANT.—An invention is the product of the mind, and as between employer and employe, it belongs to the one who conceives the idea and follows it out to practical invention.

2.  CONTRACT—EMPLOYE TO MAKE IMPROVEMENTS.—A contract between employer and employe that the latter shall give his time to the interests of the former in the manufacture and improvement of shellers and powers, does not give the employer the title to an invention in check rowers made by the employe while at work manufacturing the latter machine for his employer.

3.  MODELS MADE BY EMPLOYER.—The fact that the invention was perfected while the inventor was receiving pay as an employe, and the models were made by his employer, only gives the latter a claim for labor and material against the employe; it gives his employer no property in the invention.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed August 8, 1882.

Messrs. GARNSEY & KNOX, for appellant; that the bill can not be maintained as a bill for specific performance, because on its face it shows an attempt to compel the performance of something outside the written contract, cited Story's Eq. Jur. 770; 3 Parsons on Contracts, 389; Pomeroy on Contracts, 325; Ryan v. Derby, 20 N. J. Eq. 232; Robinson v. Page, 3 Russell, 113.

Courts do not make contracts for parties, and then enforce them: Rush v. Voigt, 55 Pa. St. 437; Kemp v. Humphreys, 13 Ill. 576; Phelps v. Ill. Cent. R. R. Co. 63 Ill. 469; Stow v. Russell, 36 Ill. 18; Stow v. Robinson, 24 Ill. 532.

It is a matter of judicial discretion whether a court will decree a specific performance or not: Frisby v. Ballance, 4 Scam. 287; Fitzpatrick v. Beatty, 1 Gilm. 468; Hough v. Coughlan, 41 Ill. 131, 3 Parsons on Contracts, 351.

In cases of specific performance, the contract must be certain, mutual, clear, equitable and productive of no hardship, and the proof must be clear: Walpole v. Orford, 3 Ves. 420; Fry on Specific Performance, * 90; Brewer v. Wilson, 17 N. J. Eq. 182; Pomeroy on Contracts, 207; Blanchard v. D. L. & M. R. R. Co. 31 Mich.——; Hartwell v. Black, 48 Ill. 304; Gosse v. Jones, 73 Ill. 508; Bowman v. Cunningham, 73 Ill. 51; Hill v. Trailor, 2 Gilm. 370; Walker v. Douglass, 70 Ill. 445.

The allegations of the bill must be supported by the proof: Rowan v. Bowles, 21 Ill. 19; Tuck v. Downing, 76 Ill. 70; White v. Morrison, 11 Ill. 366; Helm v. Cantrill, 59 Ill. 524; Slocum v. Slocum, 9 Bradwell, 142.

Each part of a written instrument must be viewed in the light of the other parts: McCarty v. Howell, 24 Ill. 343; Stout v. Whitney, 12 Ill. 219; Doyle v. Teas, 4 Scam. 202.

As between employer and employe, the right to an invention belongs to the one who originally conceived it, and followed it up to a practical invention: Agawam Co. v. Jordan, 7 Wall. 602; Collar Co. v. Van Dusen, 23 Wall. 563.

Mr. GEORGE S. HOUSE, for appellee.

LACEY, J.   On May 11, 1881, the appellee filed a bill in equity in the circuit court in Will county, seeking to compel the appellant to assign to it a certain invention in " check rowers," originally invented by him, for the purpose of enabling it to apply for a patent in his name, for its use, and to enjoin him from selling and assigning the same. A temporary injunction was granted, and on final decree appellant was decreed to convey his right to the invention to the company, in accordance with the prayer of the bill, and also perpetually enjoined against assigning to others, from which an appeal was taken to this court.

The bill alleges that the invention was made by appellant while he was in its employment and claims under and by virtue of the following contract entered into by it and him, to wit:

" Articles of agreement entered into between the Joliet Manufacturing Company of Joliet, Ill., and Andrew F. Dice, now residing at Aurelia, Iowa. The said Andrew F. Dice agrees to work for the company named, for the term of five years from the 1st to the 15th of November next, in such capacity pertaining to the manufacturing of shellers and powers, and disposing of the same, as the company may consider for their best interest, as may be assigned by the president of the company; that he will work for the best interest

of the company, in every way that he can, and in whatever way such aid can be given, shall belong to the company, that is, improvements (previous to this date not included), that he may make or cause to be made.

"For which services the Joliet Manufacturing Company agree to pay the said Andrew F. Dice twenty-seven and one half cents per hour, and agree to give him the privilege to make his time full—that is, that time can be averaged so as to make ten hours per day the year round—for all such labor performed, computing that time every month, and pay the same the 10th of the following month."

October 18, 1881.

"The JOLIET MANUFACTURING Co.,

"By A. H. SHREFFLER, Pres't.

"A. F. DICE."

That the appellant entered upon the employment of the appellee in pursuance of the agreement, and about January 1, 1881, the appellee added to his business the manufacture of "check rowers," an attachment to machines known as "corn planters;" that appellant was assigned by the president of appellee to the superintendence of the manufacture of the check rowers; that appellant accepted such employment, and entered upon it as part performance of his agreement above set forth, and so continued till the latter part of the month of April, 1881; that some time in March, appellant informed appellee that it would be for its best interest that he should employ his time in perfecting the invention on the check rower for the benefit of appellee, and appellee should assist him. That appellee did assist him. That during the time appellee assisted him, he was paid his regular wages under the written agreement. That other employes of appellee assisted him, and made the patterns for the experimental machine by appellee's direction and at its cost.

The appellee then claims that under and by virtue of the written agreement, as well as from the fact that the improvement was made by the orders, under the direction, and at the entire cost of the company, the said improvement became and was its property.

Dice v. Joliet Manufacturing Co.

It is not claimed that any specific agreement was entered into by and between the parties, that the invention in question should, when developed, be the property of appellee except it is claimed it should be inferred from the acts of the appellant in inventing the machine ·while in the appellee's employment, and using some of its material for the patterns.

It will be seen that by the provisions of the contract which is in writing and set out in full, only such inventions as appellant might make and develop on shellers and powers while in appellee's employment, should be by virtue of the employment, the property of the latter.   Inventions of check rowers and other machines was not included.   He was not required by virtue of the agreement to work in any other capacity than that named in the agreement on shellers and powers. The fact that he saw proper to work on the manufacture of check rowers, and take his pay under the contract could not be construed into an undertaking, to give his inventions made upon check rowers to appellee.

The contract by its terms did not include inventions on check rowers, and we can not conceive how, by the mere action of the parties to it, changing to the manufacturing of check rowers, it could be enlarged in its purport and meaning. The only implication could be that if appellant took his pay under the contract for work on check rowers, that it was a new employment—a mere verbal agreement to that extent only.

In order that a contract may be specifically enforced in equity, its terms must be plain and capable of being understood, and the proof must be clear: 3 Parsons on Contracts, 334. There is no allegation in the bill that there was any different contract than the written one set out; hence no proof of any different one could be admitted.   The admissions, whatever they amount to, on the part of appellant, that he was making the invention for the appellee, could not be received under the state of the pleadings, for the only force and effect they could have would be to establish an agreement, whilst none is alleged except the written one, nor were they sufficient to prove a pre-existing contract capable of being enforced in

equity. The mere fact, outside of any specific contract, that the appellant was in the employment of appellee and received wages, and even used the material of appellee in the manufacture of his models, and even received assistance in making models, from the latter's employes, would not give it the property in the invention to the exclusion of the former. An invention is the product of the mind, and the making of models and performing of the experiments, are only mechanical operations, and mere labor performed for appellant under his direction, for which he would be liable to be charged, or the time lost deducted from his wages or time. As between employer and employe, the right to the invention belongs to the one who conceives the idea, and follows it out to practical invention: Agawam Co. v. Jordan, 7 Wall. U. S. 602; Collar Co. v. Van Dusen, 23 Wall. U. S. 563, 564. This bill is framed on the theory that appellant invented the check rower and the relief sought is, that the invention be assigned to appellee. If he did not invent it, there is no right to be assigned so that the bill would not lie in such an event.

For these reasons the decree is reversed, and the cause remanded with direction to the court below to dissolve the injunction and dismiss the bill.

Decree reversed and remanded.