THE JOLIET MANUFACTURING COMPANY

*v.*

ANDREW F. DICE.

*Filed at Ottawa March 28, 1883.*

1. INVENTION—*in whom is the property when made while in the service of another—construction of a contract of employment.* The general rule is, that when a mechanic, in laboring for an employer in the construction of a machine, invents a valuable improvement, the invention is the property of the inventor, and not that of his employer. It may be that when the employer hires a man of supposed inventive mind to invent for the employer an improvement in a given machine, under a special contract that the employer shall own the invention when made, the invention, if so made, would in equity become the property of the employer.

2. A workman, while in the employ of a company engaged in the manufacture of "shellers and powers," invented a "check rower," his contract providing that future improvements in the manufacture of "shellers and powers" made by him should belong to the company, and that he would work for the best interests of the company in every way he could, and that such aid, in whatever way given, should belong to the company,—"that is, future improvements he may cause to be made," etc: *Held,* that the company was not entitled, in equity, to have the invention as to "check rowers" transferred to it as its exclusive property, and compel the inventor to assign away his right to a patent. The words "future improvements," have reference only to improvements in shellers and powers, and not to "check rowers."

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. GARNSEY & KNOX, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit in chancery, brought by the appellant, seeking to compel Dice to assign to it a certain invention for a device in the construction of what are called "check rowers," of which the bill charges that Dice is the original inventor, and also seeking to enjoin Dice from selling or assigning the same to any other person or persons. On hearing, the cir-

cuit court granted the relief sought. The complainant appealed to the Appellate Court, where the decree was reversed and the cause remanded, with directions to dismiss the bill. Complainant appeals to this court.

The bill charges that on October 18, 1881, the parties made a written contract, as follows:

"Articles of agreement entered into between the Joliet Manufacturing Company, of Joliet, Illinois, and Andrew F. Dice, now residing at Aurelia, Iowa: The said Andrew F. Dice agrees to work for the company named for the term of five years, from the 1st to the 15th of November next, in such capacity pertaining to the manufacturing of shellers and powers, and disposing of the same, as the company may consider for their best interest, as may be assigned by the president of the company; that he will work for the best interest of the company in every way that he can, and in whatever way such aid can be given shall belong to the company,—that is, improvements (previous to this date not included) that he may make or cause to be made. For which services the Joliet Manufacturing Company agree to pay the said Andrew F. Dice twenty-seven and one-half cents per hour, and agree to give him the privilege to make his time full,—that is, that time can be averaged so as to make ten hours per day the year round,—for all such labor performed, computing that time every month, and pay the same the 10th of the following month.

"October 18, 1881.

THE JOLIET MANUFACTURING CO.,<br>By A. H. Shreffler, Prest.<br>A. F. DICE."

The bill further charges that Dice entered the employment of the company in pursuance of this agreement, and a few months after this, and while Dice was so employed under this agreement, complainant (appellant) added to its business the manufacture of "check rowers,"(an attachment to a

machine for planting corn,) and that Dice was assigned to
the superintendence of said manufacture of "check rowers,"
and entered upon this employment "as part of and in per-
formance of" the above agreement, and so continued for
some months; that during this service Dice made known to
complainant that he had conceived an improvement in "check
rowers," and upon the suggestion of Dice the complainant
directed him to employ his time, in the interests of the com-
pany, in perfecting the invention for its benefit, complainant
furnishing the materials and mechanical labor in experi-
menting and perfecting the improvement, and that this was
done,—Dice, in the meantime, receiving full pay for his time
and services, according to the terms of the written contract,
and thus the invention was perfected and developed, and is
the proper subject for a patent.   The bill was answered by
Dice, claiming to own the invention, and replication filed.
The proofs tend to sustain the allegations of the bill, and
also to show that Dice, while at work in making experimental
structures in the shops of complainant, said that the improve-
ment in the "check rowers" was being wrought out for the
benefit of complainant.   This some of the proofs contradict.

Assuming the facts to be as claimed in the bill, we think
the decree of the circuit court was properly reversed.   The
general rule is, that where a mechanic, in laboring for an
employer in the construction of a machine, invents a valua-
ble improvement, the invention is the property of the inventor,
and not that of his employer.   It may be true that where the
employer hires a man of supposed inventive mind to invent
*for the employer* an improvement in a given machine, under a
special contract that the employer shall own the invention
when made, and under such employment such improvement
is invented by the person so employed, such invention may,
in equity, become the property of the employer.   But the
law inclines so strongly to the rule that the invention shall
be the property of its inventor, that nothing short of a clear

and specific contract to that effect will vest the property of the invention in the employer, to the exclusion of the inventor. In this case the bill sets up no specific contract that Dice should invent an improved "check rower," the invention of which should be the property of complainant. The only specific contract set up is the written contract. That provides, in substance, that future improvements in the manufacture of "*shellers and powers*" to be made by Dice, "shall belong to" complainant.

It is said that the provision of the written contract, "that he will work for the best interests of the company in every way that he can," and that such aid, in whatever way given, "shall belong to the company,—that is, future improvements that he may cause to be made,"—is broad enough to include the invention of the improved "check rowers." Taken in connection with the context,—the preceding provisions,—these words clearly have reference only to improvements to be made in "shellers and powers," and have no reference to "check rowers."

Nor do we think that when Dice consented to devote part of his time in superintending the manufacture of "check rowers," and also to devote part of his time to the making of an improved "check rower," he thereby necessarily contracted that the invention, when perfected, should be the exclusive property of complainant. The circumstances set up may render the machine actually made the property of complainant, and in equity may really amount to a license to complainant to use the machine made, and possibly to a license to make and use other like machines. Of this latter we express no opinion. But it seems clear that the facts alleged give to complainant no title, either legal or equitable, to the invention, of such a character as to make it the duty of Dice to assign to the complainant the right to the invention, and to a patent which may issue for the invention.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*