## James K. Fisher and A. J. Fisher
### v.
## Egbert L. Jansen.

*Personal Injuries—Apartment House—Elevator—Instructions—Negligence.*

1. A person, while upon the premises of another by invitation, express or implied, is entitled to due care on the part of the owner of such premises for his protection.

2. In an action to recover damages for personal injuries, the jury may consider the matter of future inability on the part of the plaintiff to labor or transact business; and it is proper so to instruct them, although there is no evidence of what the loss from that cause will be.

3. In the case presented, the court below properly assumed that the building in which the plaintiff was injured was a modern apartment house, the owner of which owed to the defendant the duty of due care.

[Opinion filed January 16, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Flower, Remy & Holstein, for appellants.

Mr. E. A. Otis, for appellee.

Gary, J.    The appellee was injured by walking through the open door of the elevator-shaft in the Beaurivage flats in Chicago, while the cab was above, and thereby falling into the pit below.

The flats belonged to the appellants, and they employed the person in charge of the elevator at the time of the accident. There was no description by any witness of the character of the flats, or how they were occupied, further than that several of the witnesses "lived" there.   Appellee was "stopping" with one of them.   As a result of the accident the appellee is, to a considerable extent, disabled for bodily exertion.

The appellants excepted to, and now assign as error, the giving, on behalf of the appellee, the following instructions :

" If the jury believe, from the evidence, that the plaintiff, at the time of the accident, was exercising reasonable care for his safety, and that the servants of the defendants were guilty of negligence, as charged in the declaration, and that such negligence caused the accident, then they will find the defendants guilty, and assess plaintiff's damages.

" In determining the amount of damages which the plaintiff is entitled to recover in this case, if the jury find, from the evidence, under the instructions of the court, he is entitled to recover any damages, the jury have a right to, and should, take into consideration all the facts and circumstances in evidence before them; and they may consider the nature and extent of the plaintiff's injuries, if any, testified about by the witnesses in this case; his pain and suffering, if any, resulting from such injuries; the permanent disability, if any, caused by said injuries ; the money necessarily paid, if any, by the plaintiff in and about endeavoring to be healed or cured of said injuries; and any future pain or suffering (or future inability to labor or transact business), if any, that the jury may believe, from the evidence, the plaintiff will sustain by reason of injuries received."

The objections to the first instruction are that it assumes that the relation between the parties litigant, at the time of the injury, was such that a duty rested upon the appellants to the appellee, and that it "assumes that the appellants were liable for simple negligence."

" Courts will not pretend to be more ignorant than the rest of mankind," says Caton, J., in Munn v. Burch, 25 Ill. 35, and there is no error in assuming the existence of undisputed facts.    Heartt v. Rhodes, 66 Ill. 351; Wallace v. De Young, 98 Ill. 638.

The court was, therefore, warranted in assuming (what it occurred to nobody to question) that the Beaurivage flats, occupied by several tenants, having a passenger elevator, and, as proved by the appellants, six stories high, employing an engineer and janitor as well as an elevator-boy, was one of the

Fisher v. Jansen.

modern apartment houses in which many residents of large cities find their homes.

The proprietors of such houses could hardly expect to find tenants for and profit from their buildings, if they imposed unreasonable restraints upon the social life of the tenants. The proprietor invites tenants, and thereby impliedly invites the persons who are properly visitors or guests of the tenants, and they come within the protection of the principle that a person, while upon the premises of another by invitation, express or implied, is entitled to the exercise of due care on the part of the property owner for his protection. Thompson, Neg., 313; Bennett v. R. R., 102 U. S. 577; Hayward v. Merrill, 94 Ill. 349.

The other objection to that instruction is answered by N. C. C. Ry. Co. v. Gatska, 27 Ill. App. 518, and cases there cited. The language of the instruction being, "guilty of negligence as 'charged in the declaration."

The objection made to the second instruction is that the jury are told that in assessing damages " they may consider * * * future inability to labor, or transact business," without any evidence of what the peculiar loss to the appellee from that cause would be. In the nature of things there could be no such evidence, but the jury are not precluded from taking such inability into consideration. Outside of pension laws there is no price list for personal injuries. C., B. & Q. R. R. v. Warner, 108 Ill. 538.

The question as to the negligence of either or both of the parties and the amount of damages to be awarded if the appellee recovered, were settled by the jury, not inconsistently with the evidence.

*Judgment affirmed.*