## Michael C. McDonald v. Fairbanks, Morse & Company.

1. PARTNERS—*Liability of the Firm.*—When parties hold themselves out as partners in any particular kind of business, and knowing in fact, or chargeable with knowledge of the character of the business transacted by one or more of them, they will not be relieved from the unauthorized acts of any member of the firm, done, apparently, within the scope of the business, as against persons dealing in good faith with the firm, without any notice that the act of the partner is not within the scope of his authority.

Assumpsit, for goods sold. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding; submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

MAHER & GILBERT, attorneys for appellant.

ASHCRAFT, GORDON & Cox, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Although there is here a record of more than three hundred pages, upon which the industry of counsel has assigned twenty-nine errors, we shall only consider the intrinsic merits of the controversy between the parties.

The appellant entered into partnership with Michael J. Tierney in the business of "manufacturing, buying and selling of all goods relating to machinists' supplies, and everything to said business belonging." He constituted Edward S. McDonald his representative and agent in the management of the business. There was no controversy as to the amount of goods sold by the appellees to the firm of M. J. Tierney & Co., but the defense is that the goods were bought without the knowledge of the appellant, and were not machinists' but steam-fitters' supplies.

They were ordered by M. J. Tierney & Co., mostly credited to the appellees on the books of M. J. Tierney & Co., and were of a character that even a court—which "will not pretend to be more ignorant than the rest of mankind" (quoted in Fisher v. Jansen, 30 Ill. App. 91, from 25 Ill.)— can see are used in putting into operation any machinery of which the motive power is steam. It is not claimed by the appellant that the appellees had any notice that the goods were not for a legitimate use in the business of M. J. Tierney & Co.

Under such circumstances we shall not, with the press of business upon us, undertake a review of the fifty-odd pages of brief by the counsel of appellant, but affirm the judgment.