ARTAKY BAKSHIAN *vs.* MEHMET HASSANOFF.

Suffolk.　December 17, 1903. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Equity Pleading and Practice,* Master's report.

The recommitting of a master's report is a matter of discretion not open to revision by this court.

Where the evidence is not reported the findings of a master on matters of fact cannot be revised.

BILL IN EQUITY, filed January 20, 1902, described in the second paragraph of the opinion, and a CROSS BILL, filed March 17, 1902, described in the third paragraph of the opinion.

In the Superior Court *Fox,* J. made the following decree:

" This cause came on to be heard upon the bill and answer, the report and supplemental report of the master and the exceptions of the defendant thereto and his motion to recommit, and was argued by counsel, and thereupon, upon consideration thereof, it is

" Ordered, adjudged and decreed that the said exceptions be and they hereby are severally overruled, the motion to recommit be and the same hereby is denied, the master's supplemental report and original report as modified by the supplemental report be and the same hereby are confirmed, and judgment ordered to be entered in favor of the plaintiff for the sum found by the master, to wit, the sum of $351, with interest from the date of the writ, and costs in favor of the plaintiff to be taxed by the clerk of court."

The defendant appealed from this decree.

*C. W. Spencer,* for the defendant.

*H. W. Ogden,* for the plaintiff.

BARKER, J.　After the parties were at issue upon a bill in equity and a cross bill the two suits were referred to a master under a rule which is not shown to have required him to report the evidence or any part thereof.　Exceptions were taken by the defendant to the master's report, it was recommitted, and a

supplemental report was made to which the defendant took exceptions. He also moved to recommit the cases to the master for the second time. Thereafter a final decree was entered, denying the motion to recommit, overruling both sets of the defendant's exceptions to the report, confirming the original report as modified by the supplemental report, and ordering judgment to be entered for the plaintiff in the sum of $351 found due him by the master with interest and costs. The record contains no statement of the evidence which was before the master, and the case is here upon the defendant's appeal from the final decree.

The bill in which the decree was entered was brought for breach of an agreement entered into between the parties under date of March 21, 1901, whereby the plaintiff was to be in the employment of the defendant for one year at a salary of $10 a week as manager of a business of selling oriental rugs, and was to assist the defendant in selling rugs and carpets, and also was to have one half of the profits of the business, and there was also a claim for money paid.

The cross bill set up an alleged indebtedness due from the plaintiff in the bill to the defendant on account of an unpaid loan made before the contract of March 21, 1901. The answer to the cross bill admitted the loan but alleged that it had been overpaid.

The original report of the master found that upon the matters alleged in the cross bill and the answer thereto the claims of each party offset those of the other. The report found in favor of the plaintiff on the matters at issue in the original bill, and awarded him a sum ascertained by allowing him $520 for the year's wages and $50 for cash expended and deducting $81 for cash paid by the defendant. No allowance was made for profits, the master finding that they were too conjectural, no business having been done.

Two exceptions were filed to this report by the defendant. The first was that the master erred in ruling that as to the alleged loan the claims of each offset the claims of the other and that there was nothing due the defendant on March 21, 1901. The second exception was that the master erred in finding the plaintiff entitled to recover for his services for one year.

The case then came on to be heard on the defendant's motion to recommit, and the report was recommitted with a memorandum stating that the plaintiff having brought his suit before the end of the contract term was not entitled to recover his wages as such, but unliquidated damages for breach of contract, that in estimating such damages the court has the right to take into account the wages which the plaintiff would have earned, but the wages are not necessarily the measure of damages, (citing *Paige* v. *Barrett*, 151 Mass. 67, 68, and *Cutter* v. *Gillette*, 163 Mass. 95, 97,) and that as the master appeared to have proceeded upon an erroneous theory of the law the report was recommitted with instructions to report the facts upon that single point.

Thereafter the supplemental report was made stating that the master found that the plaintiff made due and reasonable efforts to procure employment of the same character as called for by his agreement with the defendant, that he had found employment for a part of the time and received therefor $138, and finding and reporting that the plaintiff under his own bill was entitled to recover the sum of $351.

On the coming in of this report the defendant moved to recommit it for a fuller report of the facts on which the master based his findings, and especially as to what efforts the plaintiff made to secure other employment and making certain allegations as to the testimony of the plaintiff. At the same time the defendant filed three exceptions to the supplemental report.

1. Whether the judge should recommit the report was a matter of discretion the exercise of which will not be revised by this court.

2. The first exception to the original report goes upon the theory that the loan of £41 8s. was admitted by the plaintiff and that the only offset or payment which could have been found was a sum of £40 for twenty weeks' work at £2 per week, beginning November 6, 1900. But the plaintiff's answer to the cross bill, besides setting up the £40 due him for work, in effect alleged that he had repaid the loan and that the defendant owed him. As the evidence is not stated it cannot be said that the master was wrong in finding that there was nothing due from the plaintiff upon the loan.

3. The second exception to the original report was in effect sustained by the ruling that the master in allowing the plaintiff wages for one year had proceeded upon an erroneous theory of law, and the exception is now immaterial because the case was recommitted to the master on the point raised by the exception, and a different rule applied by him in the supplemental report.

4. The first exception to the supplemental report is upon the ground that the master erred in finding that the plaintiff made due and reasonable efforts to procure employment of the same character as that called for by the agreement, because that finding is inconsistent with the plaintiff's testimony and inconsistent with the findings of the master in the supplemental report. As to the first ground, the evidence is not before us. As to the second ground there is an express finding as matter of fact that the plaintiff did make such efforts, that he did find employment for part of the time and earned from it $138, and the report contains no finding of fact inconsistent with the finding excepted to.

5. The second exception to the supplemental report seeks to attack as a ruling of law a finding of fact. The hearing was not concluded until after the expiration of the term of employment fixed by the contract. The actual and the possible earnings of the plaintiff were then not matters of future estimation, and the correctness of their assessment by the master depended upon the evidence which is not before us. It does not appear upon the record that the master was asked by the defendant to make any ruling of law upon the point to which the exception is directed, or that the master made an erroneous ruling of law.

6. The third exception to the supplemental report is directed to the question of law whether the plaintiff was only obliged to use reasonable efforts to procure employment of the same character as called for by the agreement, the exception in effect taking the ground that he should have used reasonable diligence in endeavoring to procure a position as salesman or manager in the rug business. The exception read with the agreement is not easily intelligible. The agreement stipulates that the defendant shall employ the plaintiff and the plaintiff shall serve the defendant as general manager of a rug business, and also that he shall assist in sales. If the exception is intended to raise the question

whether the plaintiff ought to have sought employment as a salesman it is enough to say that it does not appear upon the record that such a ruling was requested before the master, nor that the master ruled that the plaintiff was not bound to seek employment as a salesman. The agreement besides stipulating that the plaintiff shall serve as general manager also requires him diligently to assist the defendant in the sale of rugs and carpets, so that the character of the employment called for by the agreement included that of a salesman as well as of a manager, and the presumption from the finding is that he looked for work as a salesman as well as manager.

The defendant has not argued his specific exceptions, but has argued that the plaintiff himself terminated his employment, and also that he was bound to seek any other employment. As to the first contention it depends upon questions of fact found against the defendant by the master and which as the evidence is not here we cannot revise. As to the second contention the record does not show that it was raised before the master or before the court below, and it is not open here.

*Decree affirmed.*