AMERICAN STAY COMPANY *vs.* JOHN S. DELANEY.

Suffolk.   December 11, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Agency,* Agent's duty to principal: as to disclosure or use of principal's secrets, exclusive employment.   *Equity Jurisdiction,* To enjoin use of business secrets, Damages.   *Damages,* In a suit in equity.

An employee of a manufacturing corporation, who, because he was of unusual mechanical skill, was called upon for and gave valuable aid to the president of the corporation in the development of inventions which became the property of the corporation but never were patented although they were kept secret by the corporation and therefore were of great value to it, unless he also was employed to originate inventions for the corporation's benefit, cannot be enjoined from using new machines differing from his employer's in that they are of greater capacity and efficiency owing to inventions made by him during the period of his employment.

In a suit in equity, brought by a manufacturing corporation to enjoin a former employee from disclosing and using knowledge of secret inventions and processes of the plaintiff which it was alleged the defendant had acquired while engaged in confidential employment by the plaintiff, and to compel the defendant to account to the plaintiff because during part of his period of employment, while drawing full salary from the plaintiff, he had used a part of his working hours in the construction and equipment of a rival manufactory of his own, the injunction prayed for was denied because it appeared that at the time the suit was brought the defendant was violating no right of the plaintiff, and the prayer for an accounting was not granted because the relation of the plaintiff toward the defendant was not fiduciary and the defendant could not be compelled to account in equity for wages or salary paid to him under a mistaken

belief that his services were bestowed upon the plaintiff without interruption; but the suit was retained for the assessment of such damages as the plaintiff suffered by reason of the defendant's breach of contract in failing to devote the whole of his working hours to the duties of his employment.

BILL IN EQUITY, filed in the Superior Court on June 14, 1910, and afterwards amended, in which the plaintiff, a corporation engaged extensively in the business of manufacturing and selling leather welting used in the manufacture of shoes, and a successor of the Union Welting Company, sought to enjoin the defendant, who since 1897 continuously had been in the employ of the plaintiff and its predecessor, from disclosing or making use of trade secrets alleged to belong to the plaintiff, the plaintiff averring that the defendant had obtained knowledge thereof in the course and by reason of his confidential employment. There also was a prayer for an accounting from the defendant and a return of the whole or a part of the salary paid to him in the last year and a half of his employment, the plaintiff averring that during that period, while drawing full pay from the plaintiff, the defendant was giving a large part of his time, energy and attention to the construction and equipment of a rival manufactory of his own without the plaintiff's knowledge or consent.

The case was referred to James D. Colt, Esquire, as master. Upon the filing of the master's report, the plaintiff moved that it be recommitted to the master for him to incorporate in the report further specified findings of fact. The motion was denied and the plaintiff appealed.

An interlocutory decree confirming the report, and a final decree dismissing the bill then were entered by order of *Hardy*, J., and the plaintiff appealed.

The facts are stated in the opinion.

*J. N. Clark*, for the plaintiff.

*A. B. White*, for the defendant.

BRALEY, J. The motion to recommit having been addressed to the judicial discretion of the trial court, and no exceptions having been taken, the plaintiff's appeal from the interlocutory decrees denying the motion and confirming the master's report present no questions for our decision. *Bakshian* v. *Hassanoff*, 186 Mass. 255. *Crosier* v. *Kellogg*, 210 Mass. 181. *Lipsky* v. *Heller*, 199 Mass. 310. The bill, however, having been dismissed,

the plaintiff's appeal from the final decree brings up for determination the question, whether upon the master's findings equitable relief should be granted.

During the period covered by the controversy, the plaintiff was engaged in the manufacture and sale of shoe and leather trimmings, which among other products included leather welting. It is alleged, and the master reports, that by means of special machinery, secret processes and formulas largely invented, devised and discovered by its president, who is a successful inventor of much experience, the company has been enabled to make with great economy as to cost of production, and to put upon the market a leather welting of such superior quality, that it has gained a wide reputation, and an extensive and profitable trade has been fostered and established. The machines with one exception have not been patented, and if the process becomes generally known other manufacturers probably will adopt it, and this branch of the plaintiff's business may be greatly impaired in value, or wholly destroyed.

It is elementary, that if the proprietor in connection with his business invents, or discovers, and keeps secret, processes of manufacture, which enable him to produce goods at a less cost, or of more meritorious quality than his competitors, his right to the invention or discovery is not exclusive as against the public or persons whose knowledge of it has been lawfully obtained. It is a monopoly only while he retains control, and can prevent publication. *Chadwick* v. *Covell,* 151 Mass. 190, 191. *Gayler* v. *Wilder,* 10 How. 477, 493. But if in violation of his contract of employment, where although not expressly stipulated, he impliedly agreed not to divulge the plaintiff's arts and unpatented inventions, the defendant either individually, or jointly with others to whom they were improperly disclosed, undertook in the production of welt to use and apply them, a court of equity, while enjoining the continuance of such interference and further disclosure, will give relief by the assessment of damages for any injury already inflicted. *Peabody* v. *Norfolk,* 98 Mass. 452. *Coddington* v. *Bispham,* 9 Stew. 574. *O. & W. Thum Co.* v. *Tloczynski,* 114 Mich. 149. *Pollard* v. *Photographic Co.* 40 Ch. D. 345, 354. *Field* v. *Ashley,* 79 Mich. 231. *Williamson* v. *Torkington,* 2 Y. & C. Ex. 726. *Tipping* v. *Clarke,* 2 Hare, 383.

The defendant, being of unusual ability, developed great mechanical skill while in the plaintiff's service, and with the understanding that the plaintiff believing its undisclosed methods to have been very successful desired him not to impart any information of their existence, gave valuable aid to the president in the development of his inventions, which became the property of the company. He was not, however, employed to originate inventions for the plaintiff's benefit, and while he could not appropriate his employer's trade secrets in whatever form they may have consisted, no obligation rested upon him to forego the exercise of his inventive powers, even if they were incited because of knowledge necessarily derived from the performance of his contractual duties. It was legitimate for him under these conditions to invent and perfect improvements which were embodied in new machines of greater capacity and efficiency. *Hopedale Machine Co.* v. *Entwistle*, 133 Mass. 443. *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182. *Dice* v. *Joliet Manuf. Co.* 11 Ill. App. 109, 114. *Joliet Manuf. Co.* v. *Dice*, 105 Ill. 649. *Westervelt* v. *National Paper & Supply Co.* 154 Ind. 673. *Agawam Co.* v. *Jordan*, 7 Wall. 583. *Solomons* v. *United States*, 137 U. S. 342. *Gill* v. *United States*, 160 U. S. 426.

The plaintiff's inability to support any claim to inventions which were the defendant's individual property being manifest, the master states, that it seeks to enjoin him "from making welt by substantially its process or the use of substantially its machines" as specified and described in the eighth paragraph of the bill as amended. It was a question of fact with the burden of proof resting on the plaintiff, whether these material allegations had been sustained. The master, who took a view and carefully inspected the plaintiff's factory and equipment and the factory where the defendant's machinery had been installed and he proposed to make welt, and heard at great length the contentions of the parties, exonerated the defendant from having constructed or used any machines, or taken over any process or formulas in which as against him the plaintiff had an exclusive proprietary right. A rehearsal of his elaborate comparison of their respective modes of manufacture, or of his conclusions, founded upon evidence not reported, would not diminish the effect of his report, which is an unqualified negation of the plaintiff's right to relief under the first and second prayers.

The further findings, that the averments of the fifth paragraph as amended, charging the defendant with having in his possession drawings of the plaintiff's special machinery, with notes and memoranda of its secret formulas and processes, which he wrongly intended to use, had not been sustained upon the evidence, disposes of the third prayer, leaving the plaintiff only the fourth prayer, predicated on the tenth paragraph, as amplified by the final amendment.

It is there averred, that while receiving a large yearly salary, the defendant fraudulently devoted an appreciable portion of his time to the advancement of his own interests, by designing and constructing new and competing machinery. The bare relation of master and servant, although, as we have said, it placed the defendant under an implied obligation not to divulge or use its secrets, or duplicate and use its special machinery, did not constitute him a fiduciary, who could be compelled to account in equity for wages or salary paid under the mistaken belief that his services were uninterruptedly bestowed on the plaintiff. *Pratt* v. *Tuttle,* 136 Mass. 233. *Tateum* v. *Ross,* 150 Mass. 440. *Campbell* v. *Cook,* 193 Mass. 251, 256. But the master having found, that during the last eighteen months, while fully and satisfactorily performing his duties as superintendent, he devoted without the plaintiff's knowledge some portion of his working hours to the construction and installation of his own machinery, the bill may be retained for the assessment of whatever damages it has suffered from breach of the contract. *Wallace* v. *DeYoung,* 98 Ill. 638. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47, and cases cited. The defendant not having taken any exceptions, or appealed from the decree of confirmation, the amount assessed by the master should be accepted as the full measure of compensation.

The interlocutory decrees must be affirmed, but the final decree should be modified by directing, that the injunction be dissolved, and the bill dismissed as to all the prayers for specific relief, and that the plaintiff recover the sum of $250, with interest from the date of filing the bill, for which execution is to issue without costs, and when so modified it is affirmed.

*Ordered accordingly.*