National Lock Company, Appellant, v. Gedor W. Aldeen, Appellee.

Gen. No. 8,596.

Opinion filed May 25, 1933.

HALL & DUSHER, for appellant.

HYER & GILL, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The National Lock Company, a corporation, started suit against Gedor W. Aldeen in the circuit court of Winnebago county, to recover a sum claimed to be due them for wages paid to Gedor W. Aldeen, and for material used by him in developing new ideas which he caused to be patented in his own name, for his own use and benefit, as contended by the appellant. The declaration of the plaintiff below consisted of the common counts. To this declaration appellee filed a plea of the general issue. The case was tried before a jury and at the close of the evidence on the part of the appellant, the plaintiff below, a motion was made to instruct the jury to find for the defendant. This motion was overruled. The appellee then introduced evidence and at the close of all of the evidence the defendant renewed his motion to have the court instruct the jury to find in favor of the defendant. This motion was allowed and the instruction given. Judgment was rendered on this verdict and the National Lock Company brings the case to this court on appeal for review.

The record discloses that the appellee was employed by the appellant and was paid a salary of $21,000 a

year; that Ed North was also employed by the appellant and paid at the rate of $450 per month; that in the year of 1928 the appellee perfected and patented a wheel for a sash pulley, also an automatic mortising machine to cut mortises in window frames. In 'doing this work appellant contends that appellee used time for which appellant had paid him for working for them; also that appellee used nine months of Ed North's time for which time the appellant had paid; also that he had used the time of the appellant's tool makers for which it had paid, and also had used materials, tools and equipment of appellant. It is also claimed by appellant that the amount paid as wages to appellee, and to Ed North and the tool makers did not represent the total cost to appellant on this account for the time spent, but that there was an indirect charge of overhead which must be added at 140 per cent of the wages paid to these various men to get the total costs to appellant of these employees. Appellant also claims an item of the useful value to the appellant of appellee's services for the time mentioned; that the appellee applied for and received the patents heretofore mentioned, being the ones in question, in his own name; that he applied for the patent of the sash pulley wheel April 19, 1928, and that the patent was issued on the same on December 9, 1930; that he applied for the mortising machine patent on January 7, 1929, and the patent was issued October 9, 1930. The appellant claims it was damaged to the extent of $30,000.

The evidence in this case is quite voluminous. It is contended by the appellant that the appellee, while in the employ of the appellant, not only used appellant's time in perfecting and obtaining the patents heretofore mentioned, but used the time of Ed North to aid and assist him, and also the time of the tool makers. It appears to us that there can be no ques-

tion but what the appellee did use the time properly belonging to the appellant for which he was being paid a large salary, viz., $21,000 a year; and also that he used the time of Ed North and of others, and this was all used, as we believe from what is disclosed by this record, for his own benefit and gain. The question then arises: Did the court err in directing a verdict for the appellee and in denying the motion for a new trial?

The evidence shows that the suit was started in December, 1930; that in June, 1931, the appellee procured an order of court requiring the appellant to submit all of its books and records for examination by a duly authorized auditor, or agent of the appellee; that this order was complied with; that on November 30, 1931, was the first time that the appellee tendered to the appellant an assignment of the patents, and during all of this time the patents had been in the possession of the appellee, apparently under a claim of ownership. The appellant was not bound to accept the assignment of these patents in lieu of the amount of money it had paid the appellee for the time to which the appellant was entitled to the services of the appellee. We think the language used in the case of *Dice v. Joliet Mfg. Co.*, 11 Ill. App. 109, is very applicable to this case.

It is conceded by both parties to this suit that when there is evidence offered tending to establish the plaintiff's case, no matter if there is evidence strongly tending to show the contrary, it is a usurpation of the province of the jury, which has the right to weigh the evidence and judge the credibility of the witnesses, for a court to direct a verdict. We are of the opinion that the appellant made out a prima facie case before the jury and it was error for the court to instruct the jury to find for the defendant.

Complaint is made relative to the rejection of certain evidence of the appellee relative to a conversation

that he had with Ed North, and what appellee's intentions concerning these patents were, in January, 1929. We think it would have been proper for the witness to be allowed to answer the question propounded to him, but the record shows that the appellant got the full benefit of this evidence in a later question propounded to the same witness. This, standing alone, would not be sufficient to reverse the case.

It is our opinion that the case should have been submitted to the jury for their determination, and it was error for the court to take the case from the jury, and for this reason the judgment of the circuit court of Winnebago county is hereby reversed and the cause remanded.

*Reversed and remanded.*