WELEX JET SERVICES, INC., Appellant,

v.

Harrold D. OWEN et al., Appellees.

No. 16002.

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1959.

Rehearing Denied July 10, 1959.

BOYD, Justice.

Welex Jet Services, Inc., appeals from a judgment denying in part its petition for permanent injunction against Harrold D. Owen, Marvin Gearhart, and GO Oil Well Services, Inc., by which appellant sought to enjoin appellees, their agents, servants and those controlled by them, from the disclosure and use of alleged trade secrets concerning what is called the· "Jet Process," a process for applying the principle of the lined and shaped charge to the perforation of oil wells, which is a patented process, the patents being owned by appellant.

According to appellant's allegations, Owen was in its employ from August 13, 1951, until January 19, 1955, serving as draftsman, engineer-draftsman, design engineer, and manager of its design engineering section; Gearhart was in its employ from August 15, 1949, until March 5, 1953, serving as field engineer, equipment maintenance engineer, radio-activity engineer, and manager of its field service section; appellant is the originator and primary developer of the "Jet Process"; in addition to its patent rights, appellant through experimentation has developed many trade secrets which it and its licensees use in the process; it has a large research department which has developed methods and equipment which are trade secrets; during their employment by appellant, Owen and Gearhart, in confidence and while in fiduciary relationships, acquired knowledge of such trade secrets and have used and disclosed them for purposes other than for appellant's benefit; they organized and control GO Oil Well Services, Inc., which concern is engaged in ·oil well servicing, and uses the jet process and appellant's trade secrets in competition with appellant; and that all knowledge which Owen and Gearhart have concerning the jet process was acquired while they were in appellant's employ.

Near the beginning of their employment by appellant, Owen and Gearhart each

Cantey, Hanger, Johnson, Scarborough & Gooch, and Emory Cantey, Fort Worth, for appellant.

Tilley, Hyder & Law, and Thos. H. Law, Fort Worth, for appellees.

signed an instrument called "Employee's Patent Agreement," by which they agreed to keep confidential all information pertaining to appellant's experiments, business, and products, and that they would not use such information to appellant's detriment.

Appellees answered that the "Employee's Patent Agreement" was void in that it was unrestricted as to time and place; and further alleged that: the jet process is not a trade secret; its general principle has been public knowledge for more than 70 years; its practical application has been developed by the United States Government and various individuals and firms other than appellant; numerous articles relating to the process, including all of the principles now being used by appellees, have been published in trade journals available to the public; appellees, through education, training, and professional and trade activities, have acquired knowledge and skill relating to the jet perforating process; Gearhart, while in college and long before his employment by appellant, wrote a paper entitled "The Process of Jet Perforating"; appellees have attended meetings of petroleum engineers and there participated in discussions concerning such process, which discussions were not connected with their employment by appellant, and were open to the public; they denied that they had made or used a perforating gun of the design used by appellant, and had scrupulously avoided using the principles which are appellant's trade secrets.

The court enjoined appellees from: (1) the manufacture or commercial use of a cablehead employing the Schlumberger weak point clamp; (2) the manufacture or commercial use of a casing collar locator employing any of the following features of the Schlumberger type casing collar locator: (a) a shock mount; (b) a rectifier; (c) a coil assembly having approximately 11,500 turns; and (d) a coil core using Swedish 1005 steel. All other relief was denied.

We cannot agree with appellees' contention that the agreement is unenforceable because unrestricted as to time or place, or that the patents made a public disclosure which destroyed the "secret" nature of the process. We do not think that the restraint of trade holdings are applicable. Confidential information secured by reason of fiduciary relationships may not be used or disclosed to appellant's detriment irrespective of an agreement not to do so. The basis of the suit is breach of contract or wrongful disregard of confidential disclosures. K & G Oil Tool & Service Co. v. G & G Fishing Tool Service, Tex., 314 S.W.2d 782; Hyde Corporation v. Huffines, Tex., 314 S.W.2d 763; American Stay Co. v. Delaney, 211 Mass. 229, 97 N.E. 911; Pressed Steel Car Co. v. Standard Steel Car Co., 210 Pa. 464, 60 A. 4; E. I. Du Pont de Nemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016.

On the other hand, a former employee is not under obligation to forego the exercise of his inventive powers, even if they were incited by knowledge gained in the performance of his contractual duties. The efficiency and skills which he developed through that experience belong to him, not to his former employer. 28 Am.Jur. p. 306, sec. 113 (new 28 Am.Jur., p. 599, sec. 102); Ridley v. Krout, 63 Wyo. 252, 180 P.2d 124; American Stay Co. v. Delaney, supra.

Appellant's position is that while the principle of the lined and shaped charge has long been widely and successfully employed, its application to the perforation of oil wells is new and is a patented process, the patents being owned by appellant, and that appellant, through its research department, has developed methods and equipment for the better use of the process, which are trade secrets. Appellant's contention is that appellees are using such trade secrets to appellant's detriment.

Owen and Gearhart freely admitted that they have used the skills which they acquired while in appellant's employ. They thought that appellant's trade secrets could be applied in such way as to improve their product, and they applied to one of appellant's licensees for a sublicense to use some of the features of appellant's process; but the sublicense was not granted, and they testified that they had avoided using them in the fabrication and operation of their mechanism. The court found, however, that appellees had substantially incorporated some of the features of appellant's trade secrets in their perforating equipment and techniques, and enjoined such further use. The inquiry, then, is whether there is support for the court's finding that the other elements of appellees' product and procedures do not involve use of appellant's trade secrets. While much of the evidence is extremely technical and difficult for us to understand, we think there is substantial support for such finding.

Owen and Gearhart testified that GO Oil Well Services, Inc., fabricated its charge or cartridge from the necessary component parts which they bought in the open market from suppliers for the petroleum industry; they conducted more than 100 experiments to develop their own refinements of their mechanism; they furnished to appellant copies of all their plans, designs, drawings, blueprints, and models; Owen has continued to sign various patent applications on behalf of appellant covering devices and procedures which he helped to develop while employed by appellant. There was other evidence corroborative of that of Owen and Gearhart that their product and procedures were not adaptations of appellant's trade secrets. While some of appellant's witnesses testified that appellees' mechanism and techniques were substantial reproductions of its own, these statements and conclusions were emphatically denied by witnesses whose credibility and competency the trial court was able to judge.

The judgment is affirmed.