**AUTO WAX COMPANY, INC.,**
**Appellant,**

v.

**Chris BYRD et al., Appellees.**

**No. 20074.**

Court of Civil Appeals of Texas, Dallas.

April 8, 1980.

Rehearing Denied May 19, 1980.

Wm. Andress, Jr., Dallas, for appellant.

John McClellan Marshall, Norton, Morrison & Marshall, Dallas, for appellees.

Before AKIN, STOREY and HUMPHREYS, JJ.

STOREY, Justice.

This is a suit for damages for unfair competition. Appellant Auto Wax Company, Inc. sued Chris and Ronald Byrd, two of its former employees, alleging that they had gained access to or knowledge of certain of its secret formulas while in the course of their employment. Appellant alleged that the competitive use of the formulas, or of the knowledge gained during their employment, was an unfair trade practice entitling it to damages and injunctive relief. Trial before the court resulted in judgment denying appellant relief. The trial court's judgment is based upon its conclusions that appellees breach no fiduciary duty owed to appellant nor did they engage in unfair competition with appellant. These conclusions are attacked on grounds that there was no evidence to support them and, alternatively, the evidence overwhelmingly preponderated against them. We hold that the conclusions are supported by the evidence and accordingly affirm.

■ While appellant's points of error are couched in "no evidence" and "insufficiency of the evidence" terms and directed to issues upon which it had the burden of proof, we construe them as being "against the great weight and preponderance" points and therefore consider them preserved for decision on the merits. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 362–4 (1960); *cf., Keystone-Fleming Transport, Inc. v. City of Tahoka,* 315 S.W.2d 656, 659 (Tex. Civ.App.—Amarillo 1958, writ ref'd n.r.e.) (points of error will be considered if court can determine appellant's complaint).

■ The general rule is that confidential information received by reason of fiduciary relationships may not be used or disclosed to the detriment of one from whom the information is obtained. *Welex Jet Services, Inc. v. Owen,* 325 S.W.2d 856 (Tex. Civ.App.—Fort Worth 1959, writ ref'd n.r. e.). An employee during employment and after termination is under an obligation not to divulge trade secrets of his employer. *Johnston v. American Speedreading Acade-*

*my, Inc.*, 526 S.W.2d 163, 166 (Tex.Civ.App. —Dallas 1975, no writ). These general rules apply even though, as here, the use or disclosure is not prohibited or restricted by express contract. *Hyde Corp. v. Huffines,* 158 Tex. 566, 314 S.W.2d 763, 770 (1958); *Weed Eater, Inc. v. Dowling,* 562 S.W.2d 898, 901 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). A former employee may, however, use the general knowledge, skills and experience acquired during his prior employment to compete with a former employer and even do business with the former employer's customers provided that competition is fairly and legally conducted. *Expo Chemical Company, Inc. v. Brooks,* 572 S.W.2d 8 (Tex.Civ.App.—Houston [1st Dist.] 1978), *rev'd on other grounds,* 576 S.W.2d 369 (Tex.1979). Unfair competition may manifest itself in numerous acts or courses of conduct, but as between an employee and his former employer, it generally consists in the competitive use of confidential information or in the passing off of the employee's product as that of the former employer. *See generally: K & G Oil Tool & Service Co. v. G & G Fishing Tool Service,* 158 Tex. 594, 314 S.W.2d 782 (1958); *Marshall Manufacturing Co. v. Verhalen,* 163 S.W.2d 665 (Tex.Civ.App.—Dallas 1942, writ ref'd w.o.m.).

■ Relying upon these general rules, appellant assigns several points of error which in the main present three major contentions: (1) by virtue of their prior status as employees, a fiduciary relationship existed between appellees and appellant; (2) appellees breached a fiduciary duty by appropriating appellant's products to their use; and (3) appellees engaged in unfair competition with appellant by attempting to pass off their products as those of appellant. On the other hand, appellees assert that the trial court's findings of fact dispose of appellant's contentions and fully support the take-nothing judgment rendered against it.

In this respect, the trial court found that the formulas of four products made by appellees were, by volume, substantially the same as appellant's formulas. These prod-

ucts were an engine degreaser, a spot remover, a rubber dresser and a whitewall tire cleaner. The court found, however, that the formulas were not identical and, although designed for cleaning tasks similar to those of appellant, the components of the appellees' formulas are matters of common knowledge and general use within the cleaning-agent products industry. While appellees acquired their knowledge of chemical mixing while employed by appellant, they never copied nor removed copies of appellant's formulas from the business premises. On the contrary, the court found appellees developed their own formulas based on trial and error. Additionally, the court found that many of appellant's employees had access to its formulas and that appellees made no representations to third persons that their products were identical to appellant's. Based upon these findings, the court concluded that there was no wrongful taking of skills, knowledge or information by appellees and therefore no breach of fiduciary duty or unfair competition on their part.

■ We agree that the court's findings of fact and the conclusion of law dispose of appellant's contentions provided they are supported in the evidence. In determining whether the trial court's findings are supported by evidence we must consider and weigh all of the evidence in the case to determine if the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust regardless of whether the record contains some evidence in support of the finding. *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The evidence shows that appellant made no effort to keep its formulas secret. They were kept in an unlocked file cabinet where, during office hours, anyone, employees as well as customers, had access to them. While there is testimony that appellant's formulas were coded, we are unable to determine from the record that the coding was of such a nature as to maintain secrecy of the components. Further, the usual practice followed in preparation of a product was for a foreman to obtain the

written formula and then copy its ingredients onto a production sheet from which an employee would prepare the appropriate mixture. No attempt was made to keep the contents of the production sheet secret, and appellant's expert witness testified that, given the same ingredients, it was possible for two individuals working independently to formulate similar cleaning products. The witness testified that while the composition of appellee's compounds was substantially the same as that of appellant's, this was not unusual because the same ingredients, generally known in the industry, would normally yield a similar result.

Appellant points out that two witnesses overheard one of the appellees assert to a group that he had appellant's formulas. Neither witness could identify the party who made the statement. Appellees denied at trial that they took samples or copies of any products upon termination of their employment with appellant. They testified that they developed similar cleaning products through trial and error mixing, and their goal was to make products superior to the ones used by appellant. Furthermore, appellees introduced their formulas into evidence. Appellant could have easily compared them with its own and introduced evidence to show that they were copies of or identical in content to those of appellant. This it failed to do.

The evidence as to appellees' representations that their products were the same as appellant's is also inconclusive. Billy Perry, who testified concerning appellees' representations about their products, was equivocal. He never bought or used appellees' products, and his testimony goes only to the fact that appellees represented that their compounds would do the same job as appellant's, but were cheaper. Based on the evidence before us, we conclude that appellant failed to prove the elements of its cause of action and that the evidence supports the trial court's judgment that appellees did not engage in unfair competition.

Our prior opinion in this case dated February 25, 1980, is withdrawn and this opinion substituted therefor.

Affirmed.