HERBERT MAYNARD & another *vs.* HIRAM WEEKS & others.

Suffolk.   March 6, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Contract*, Construction, Implied. *Agency.*

The plaintiffs were commission merchants in Boston selling lemons upon a commission as agents of a Malaga house. Having procured from the defendants an order for Malaga lemons, they sent them a contract in writing addressed to the defendants and signed by the plaintiffs as follows : " We confirm sale made to you viz. [terms of sale.] Shipment about 20th inst. In our cable to Messrs. G. & Co. we stated that quality must be strictly choice and free from spots. It is understood that we act simply as agents in this transaction, and that all risks incident to the importation are yours and not ours. Payment net·cash on arrival." The plaintiffs, having a letter of credit with G. & Co., allowed G. & Co. to draw on them for the price of the lemons to be repaid to the plaintiffs by the defendants on the arrival of the lemons. Upon arrival the lemons were not in accordance with the contract and the defendants refused to take or pay for them. They were sold at auction, and the plaintiffs sued for the difference between the sum realized and the stipulated price, as expenses of importation paid by the plaintiffs to the defendants' use. *Held*, that the rights of the parties must be adjusted by the contract in writing, and that by its terms the plaintiffs were not agents of the defendants nor lenders to them of funds equal to the contract price, and that the only obligation of the defendants was to pay for the lemons if on their arrival they were in accordance with the contract. The " risks incident to the importation " which were to be borne by the defendants did not include the risk that the lemons when sold in Malaga should not comply with the description in the contract.

CONTRACTS with counts in special contract, for money paid and work done, and on an account annexed. Writ dated November 17, 1900.

At the trial in the Superior Court before *Hardy*, J., neither party desired to go to the jury on any issue, and the judge ruled that there should be a verdict for the plaintiffs. He so directed,

and damages were assessed in the sum of $1,422.42. The defendants alleged exceptions.

*S. H. Tyng,* (*T. J. Kenney* with him,) for the defendants.

*G. R. Nutter,* (*J. G. Palfrey* with him,) for the plaintiffs.

BARKER, J. The plaintiffs were commission merchants at Boston and sold lemons upon a commission as agents of a Malaga house. The defendants were dealers in Boston. The plaintiffs without disclosing the name of their principal solicited an order for lemons from the defendants and after personal interviews and talks over the telephone an oral order was given to the plaintiffs and cabled by them to their principal, and thereupon the plaintiffs wrote to the defendants as follows: " We enclose contract in duplicate. Kindly sign duplicate and return to us. Thanking you for the order and trusting that it may be the forerunner of a larger business with your good selves we are," etc.

The duplicate enclosures in this letter were of the following tenor:

" Boston, Sept. 15, 1900. Messrs. Foster, Weeks & Co., Boston, Mass. Dear Sirs, — Malaga lemons. We confirm sale made to you, viz., 600 boxes half 300 size, half 360 size. Price $2.62½ per box in bond, ex dock Boston. Shipment about 20th inst. In our cable to Messrs. Frederico Gross & Co. we stated that quality must be strictly choice and free from spots. It is understood that we act simply as agents in this transaction, and that all risks incident to the importation are yours and not ours. Payment net cash on arrival. Yours very truly, Maynard & Child."

On receipt of the letter enclosing the duplicate contracts the defendants asked by telephone what the contract meant and upon receiving an answer signed the contract. The lemons arrived in Boston and upon examination of them the defendants refused to accept them and declined to pay the plaintiffs anything. It is conceded by the plaintiffs that the lemons never answered the description stated in the contract.

The plaintiffs' evidence tended to show that they had with Frederico Gross and Company a letter of credit issued by Boston bankers authorizing Gross and Company to draw for the price of the lemons and that their arrangement with the defendants was to lend to the latter the use of this credit to the extent of

the price of the lemons, until their arrival at the dock in Boston and that upon such arrival of whatever lemons should be shipped upon the order the defendants were to pay to the plaintiffs the price mentioned in the contract as compensation for their loan of the credit and their services to the defendants in the transaction.

After the defendants' refusal to accept the lemons they were sold at auction and the plaintiffs seek to recover the difference between the sum realized upon the sale and the price stipulated in the contract.

We think that the rights of the parties must be adjusted upon the terms of the written contract. Upon those terms the plaintiffs were not agents of the defendants, nor lenders to them of funds represented by the contract price, and no other obligation was imposed upon the defendants than to accept and pay for the lemons on their arrival if when sold at Malaga they corresponded to the description given in the written contract of the goods sold. The risk that the goods when sold in Malaga should not correspond to that description was not a risk "incident to the importation" within the terms of the written contract. If the goods had been of the description stated in the contract when sold in Malaga all subsequent risks affecting them would have been "risks incident to the importation," and the defendants would have been bound to accept and pay for them on arrival notwithstanding subsequent deterioration for any cause. As they were not of that description when sold the defendants are not liable to the plaintiffs upon the contract. The ordering of the verdict for the plaintiffs was wrong.

*Exceptions sustained.*