NATHAN SALLINGER *vs.* CONRAD AND COMPANY, INC.

Suffolk.    December 8, 1921. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice*, Bill, Demurrer.   *Agency*, Existence of relation.
   *Unlawful Interference*.   *Equity Jurisdiction*, To enjoin unlawful interference.

A bill in equity against a corporation alleged that the plaintiff was engaged in selling goods on credit; that he had contracted with the defendant, a retailer of merchandise, among other large retail business houses, to honor orders in writing issued to it by the plaintiff to deliver certain merchandise to the person named in the order and to charge the value thereof to the plaintiff, who paid it and thereafter collected from the customer in instalments the retail price plus ten per cent; that the defendant, having "in violation of its contract with the plaintiff" compiled a list of the plaintiff's customers sent to him, for 'the purpose of interfering with the good will of the business of the plaintiff, solicited and induced such customers to cease to patronize the plaintiff and to trade with the defendant. The bill prayed for an injunction restraining the defendant from making any use of the names and addresses of such customers and from solicit-

ing their business.  Upon an appeal from a decree sustaining a demurrer and dismissing the bill it was *held,* that

(1) No contract being set forth whereby the defendant agreed specifically not to make and use the list of customers, no intendment in that respect could be made in aid of the pleader;

(2) The allegation relative to violation of contract must be looked upon as nothing more than a conclusion of law which was not admitted by the demurrer;

(3) The relation between the parties was not fiduciary in any respect, was neither that of principal and agent nor of employer and employee, and was purely that of a buyer and seller of merchandise;

(4) No trade secret was involved;

(5) No principle of unfair competition was presented and the decree dismissing the bill was affirmed.

BILL IN EQUITY, filed in the Superior Court on April 14, 1919, and afterwards amended, to restrain the defendant from making use of the names and addresses of the plaintiff's customers who had been sent by the plaintiff to the defendant and had purchased goods upon the credit of the plaintiff, and from soliciting business from such customers and interfering with the good will of the plaintiff's business by inducing his customers to withdraw their trade from him and to trade with the defendant.

Material allegations in the bill are described in the opinion. The defendant filed a demurrer alleging that the bill did not set forth facts sufficient to entitle the plaintiff to any relief in equity nor to establish any contract between the plaintiff and the defendant of which matters set forth might be a violation.

The suit was heard upon the demurrer by *Wait,* J., by whose order a final decree was entered sustaining the demurrer and dismissing the bill.  The plaintiff appealed.

The case was submitted on briefs.

*A. K. Cohen & M. E. Bernkopf,* for the plaintiff.

*W. H. Dunbar, G. R. Nutter & E. F. McClennen,* for the defendant.

RUGG, C. J.  The plaintiff seeks by this suit in equity to restrain the defendant from using in any way the names and addresses of his customers in its possession by reason of his business relations with it, and from interfering with the good will of his business by soliciting or inducing his customers to withdraw their patronage from him.  The essential allegations of the bill are that the plaintiff is and for some years has been engaged in selling goods on credit by means of contracting with the defendant, amongst other retail

houses, to honor written orders issued by him requesting the delivery of specified goods to the person named in the order, the sale price of goods so delivered being charged to the plaintiff, who collected by instalments from the person presenting the order and receiving the goods the sale price and ten per cent in addition. The methods employed by the plaintiff to secure the customer, determine his responsibility and issue the order are set forth in detail. It is necessary in many instances to give to the defendant the name and address of the person to whom the order is given to make delivery, and thus the defendant became possessed of this information concerning thousands of customers of the plaintiff. The plaintiff and the defendant terminated their relations on March 15, 1919, whereupon the defendant, having "in violation of its contract with the plaintiff" compiled a list of his customers sent by the plaintiff to the defendant, for the purpose of interfering with the good will of the plaintiff's business and of drawing to itself the trade of these customers of the plaintiff, solicited their patronage and offered special inducements to that end.

No contract is set out whereby the defendant agreed specifically not to make and use this list of customers. No intendment in this respect can be made in aid of the pleader. *Old Dominion Co.* v. *Commonwealth,* 237 Mass. 269, 274. It must be presumed that this averment means no more than that a contract of that nature is inferable from the other allegations. It is nothing more than a conclusion of law which is not admitted by the demurrer.

The relation between the plaintiff and defendant, as disclosed by the bill, was not fiduciary in any respect. It was not that of principal and agent. It was not that of employer and employee. It was purely the situation of a buyer and seller of merchandise, the latter making delivery of goods directly to the nominee of the former, instead of to the former in person. They dealt with each other at arm's length. They owed each other no duty except that required in ordinary commercial transactions. Neither party had any control over the other as to any of the terms of the several contracts of sale. Each bargain between the plaintiff and the defendant was struck on its own merits, each party acting independently for his own interests. The information gained by the defendant was that which arises out of simple transactions of purchase and sale. There was no element of peculiar trust and confidence

connected with it.   There is nothing more than exists every time a manufacturer changes his commission merchants or does his own selling and uses in the new relation information theretofore lawfully acquired as to those who had been buying his product.   No trade secret is involved.   No principle of unfair competition is presented.   To adopt the contention of the plaintiff would stimulate the establishment of monopoly and interfere with fundamental conceptions of ordinary business competition.   *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182.   *Chadwick* v. *Covell,* 151 Mass. 190.   *Martell* v. *White,* 185 Mass. 255, 261.   *Mogul Steamship Co. Ltd.* v. *McGregor, Gow & Co.* 23 Q. B. D. 598.   *Maynard* v. *Weeks,* 181 Mass. 368.   *American Stay Co.* v. *Delaney,* 211 Mass. 229.   See *Benjamin T. Crump Co. Inc.* v. *J. C. Lindsay, Inc.* 130 Va. 144, and cases collected in 17 A. L. R. 760 to 778.   The case at bar is distinguishable from *Essex Trust Co.* v. *Enwright,* 214 Mass. 507, *Aronson* v. *Orlov,* 228 Mass. 1, *International News Service* v. *Associated Press,* 248 U. S. 215, and like decisions, where principles are established quite inapplicable to such facts as are here disclosed.

*Decree dismissing bill affirmed with costs of appeal.*